(September 23, 1988)

■ In the Matter of STEVEN G. ROTHENBERG, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, Petitioner.—Per Curiam. Respondent was admitted by the Appellate Division, Second Department, in 1973 and maintains an office for the practice of law in the City of Kingston.

Charge I of the petition commencing this disciplinary proceeding alleges that respondent wrote checks on his attorney escrow account when there were insufficient funds in the account to cover such checks. Charge II alleges that respondent maintained false or inaccurate records concerning his attorney escrow account. Charge III alleges that respondent converted funds belonging to his clients. Charge IV alleges that respondent failed to deposit estate funds into an estate account, improperly disbursed a portion of such funds and failed to account for such funds.

Respondent's answer to the petition admitted charge I and all of the factual allegations underlying charge III. As to charges II and IV, the answer purported to make certain denials. Petitioner Committee on Professional Standards moved for an order pursuant to section 806.5 of this court's rules (22 NYCRR 806.5) declaring that no factual issues were presented and fixing a time at which respondent could be

heard in mitigation or otherwise. By decision dated July 21, 1988, this court granted petitioner's motion. Respondent subsequently appeared by counsel and was heard on the issue of mitigation.

In order to appreciate the seriousness of the charges against respondent, the charges must be described in greater detail. Charge I states that, on 14 occasions in 1986, respondent drew checks on his attorney escrow account when he knew or should have known that there were insufficient funds in the account to cover the checks. Charge II alleges that, on numerous occasions, respondent drew checks, payable to himself, from his attorney escrow account and indicated on the checks or in his bookkeeping records that the checks were in payment of fees for legal services rendered on behalf of various clients. In fact, in several instances, these payments were not for fees owed by such clients. Concerning this second charge, respondent admitted at an earlier hearing before petitioner that he "was using the money that was in [his] escrow account for [his] own purposes, not regarding a particular client or anything". When asked what he did with these moneys, respondent stated that he used them to pay for "the telephone bill, salary, mortgage payments, general expenses * * * to continue operating my practice."

Charge III alleges that, on repeated occasions, respondent allowed the balance of his attorney escrow account to fall below the amount that he was required to maintain on behalf of the clients whose funds he was holding. Respondent admits the factual allegations underlying this charge but argues that he is not guilty of conversion because each of his clients was ultimately paid all moneys owed. This argument is without merit (see, Matter of Anschell, 53 AD2d 297, 299). Further, we note that respondent's admitted use of his clients' funds for his own purposes, as specified in charge II, clearly constitutes conversion of those moneys.

Charge IV arises out of respondent's representation of the estate of Richard Manuel, who died in March 1986. It appears that respondent received $35,018.97 on behalf of the Manuel estate and deposited the money into his escrow account instead of into a separate estate account. It also appears that respondent issued payments totaling $2,500 to himself for attorney's fees and expense reimbursement and payments totaling $5,300 to the decedent's widow without obtaining prior approval from the court or an estate representative. Respondent's records list the payments to the widow as loans on the estate. Finally, it appears that, for a period of time,

respondent failed to turn over the estate funds to the Ulster County Treasurer despite the fact that letters of administration had been issued to the Treasurer in November 1987.

In mitigation, respondent states that, during the period when the acts in question took place, he was under a great deal of stress due to family and business problems and that he has sought counseling concerning these matters. It also appears that all of respondent's clients were made whole and that respondent was forthright and cooperative with petitioner when questioned regarding the improper use of his escrow account.

Respondent is clearly guilty of serious misconduct in that his actions demonstrate a total lack of appreciation of the fact that escrow moneys belong to clients and may not be used by attorneys for personal reasons. His disbursal of estate moneys to himself and others without authority likewise constitutes substantial misconduct which must be condemned. We note that respondent has a past disciplinary record which includes an admonition by petitioner for misconduct also relating to funds held in escrow.

In view of the foregoing, and under all of the circumstances of this case, we are of the opinion that respondent should be suspended from the practice of law for two years.

Respondent suspended from the practice of law for a period of two years, the date of commencement to be fixed in the order to be entered hereon. Mahoney, P. J., Kane, Casey, Yesawich, Jr., and Mercure, JJ., concur.