In the Matter of STEVEN G. ROTHENBERG, a Suspended Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [804 NYS2d 281]—

---

Per Curiam. Respondent was admitted to practice by the Appellate Division, Second Department, in 1973. He resides in the City of Kingston, Ulster County.

Respondent is the subject of a disciplinary proceeding commenced by petitioner and now tenders his resignation from the bar in an affidavit in compliance with this Court's rules (*see* 22 NYCRR 806.8). Petitioner advises that it has no objection to the resignation. We accept respondent's resignation and order his disbarment.

Respondent is currently suspended from practice pursuant to a 1988 order of this Court (*Matter of Rothenberg*, 143 AD2d 479 [1988]). He has never applied for reinstatement. In February 2005, this Court disbarred respondent upon his default in answering a petition of charges (*Matter of Rothenberg*, 15 AD3d 772 [2005]). The petition alleged that respondent engaged in the unauthorized practice of law in contravention of the order of suspension, that respondent, while suspended, converted funds received on behalf of others, and that he failed to comply with the attorney registration requirements (*id.*). By order dated April 28, 2005, we granted respondent's application to vacate the default judgment of disbarment and permitted him to file an answer. By affidavit dated October 10, 2005, respondent tendered his resignation. According to the petition, respondent converted to his own purposes funds in the amount of $4,443.17 which he received on behalf of Arthur R. Torsone. As requested by petitioner, in accordance with Judiciary Law § 90 (6-a) (a), we direct respondent to make restitution in the amount of $4,443.17 to Torsone.

Cardona, P.J., Mercure, Crew III, Peters and Spain, JJ., concur. Ordered that respondent's resignation application submitted in accordance with this Court's rules is accepted (*see* 22 NYCRR 806.8); and it is further ordered that respondent is disbarred, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective immediately; and it is further ordered that respondent is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; respondent is forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority; or to give to another an opinion as to the law or its application, or any advice with relation thereto; and it is further

ordered that, pursuant to Judiciary Law § 90 (6-a) (a), respondent is directed to make restitution to Arthur R. Torsone in the amount of $4,443.17 and he is directed to reimburse the Lawyers' Fund for Client Protection for any award it makes to Arthur R. Torsone; and it is further ordered that respondent shall comply with the provisions of this Court's rules regulating the conduct of disbarred attorneys (*see* 22 NYCRR 806.9).