In the Matter of the Claim of SOPHIE PAPKOFF, Respondent, v. BERNARD S. FELDMAN et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, July 7, 1966.

*Bernard F. Farley* and *Joseph M. Soviero* for appellants.

*Louis J. Lefkowitz, Attorney-General* (*Jorge L. Gomez* and *Daniel Polansky* of counsel), for Workmen's Compensation Board, respondent.

*Markhoff, Gottlieb & Harkins* for claimant-respondent.

GIBSON, P. J. Appeal is taken by an employer and his insurance carrier from a decision of the Workmen's Compensation Board which awarded compensation, at a reduced earnings rate, for an employee's 40% permanent partial disability, for a period terminating upon the date of his death.

The compensability of the employee's accidental injury on July 17, 1959 was not controverted, although initially the carrier contested the rate and classification of the disability. However, the carrier finally accepted the award of February 14, 1962 for 40% permanent partial disability and paid benefits pursuant thereto until July 8, 1963, as of which date the carrier suspended payments for the reason, as stated in its notice thereof, that: "Claimant confined to Creedmoor State Hospital for unrelated condition." It is undisputed that decedent did volun-

tarily commit himself to Creedmoor, a hospital for the mentally ill. Whether he died there, or, if he did not, the length of the period of his confinement, does not appear.

It was first found, by a board panel, that decedent was " not entitled to an award while confined in a mental institution." Upon rescission of this decision by the full board, the panel held that " inasmuch as claimant was admitted to Creedmoor State Hospital as a voluntary patient he is entitled to an award for the period of confinement at the hospital." The decision must be affirmed but the case does not, as the board's decision indicates, turn on the fact that decedent's admission was " as a voluntary patient ".

We find no basis, in authority or in reason, for appellants' unqualified conclusion that a claimant may not collect payments awarded to him for permanent partial disability unless he is in the labor market. The fortuitous circumstance that a claimant who has sustained a permanent partial disability is subsequently hospitalized, for a long or a short period, or for different periods, should not inure to the benefit of the carrier while the physical and industrial disability and the loss of wage-earning capacity on which the award was bottomed still continue. Here, indeed, appellants' attorney stated to the board panel: " It is conceded by this carrier that the claimant had a permanent partial disability and we are not contending that that permanent partial disability in any way changed materially insofar as its physical aspect is concerned during the claimant's confinement. There is no problem on that score."

The issue here presented does not appear to have been tendered in any previous New York decision but there is out-of-State authority which points to affirmance. Thus it was held in Massachusetts: " We are of opinion that subsequent insanity does not deprive an employee of compensation due him under the provisions of the workmen's compensation act. Indeed the effect of subsequent insanity and the only effect of it is to make greater the employee's need to have that compensation which apart from the subsequent disability justice required the employer to pay him." (*Walsh's Case,* 227 Mass. 341, 343.) Upon the authority of the cited case, the same court later held: " The board rightly ruled that the supervening of a noncompensable injury sufficient in itself to produce total incapacity does not excuse the insurer from paying the compensation which would otherwise be payable for a compensable injury." (*Whitehead's Case,* 312 Mass. 611, 613.) Similarly, it was held in a Michigan case, involving a claimant committed as a mental patient, " that the supervening insanity of the plaintiff does

not justify defendants in stopping payment of compensation."
(*Ward* v. *Heth Bros.*, 212 Mich. 180, 198; and see *Sotomayor* v.
*Ford Motor Co.*, 300 Mich. 107.)

Appellants place considerable reliance on *Matter of Pallas*
v. *Misericordia Hosp.* (264 App. Div. 1, affd. 291 N. Y. 692)
which is, however, completely inapposite, dependent, as it is,
on the legal fiction of the civil death of a felon sentenced to life
imprisonment, as was very recently pointed out in *Matter of
Garner* v. *Shulte Co.* (23 A D 2d 127).

The decision should be affirmed, with costs to the Workmen's
Compensation Board.

HERLIHY, REYNOLDS, TAYLOR and STALEY, JJ., concur.

Decision affirmed, with costs to the Workmen's Compensation
Board.