■   In the Matter of the Claim of EUGENE PACKARD, Respondent, v. DONALD SPERRY & SONS et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from decisions of the Workmen's Compensation Board, filed February 4, 1971 and April 26, 1971. On November 21, 1967 claimant, while employed by appellant employer, injured his back in a fall from a roof. He was totally disabled until February of 1969 and partially disabled there-

after. In August of 1969 the carrier notified the board that it was discontinuing payments for alleged periods of claimant's incarceration in penal institutions. This was amplified by a letter to claimant's attorney setting forth the dates of alleged confinement. In this same letter claimant's attorney was informed that claimant was either confined to jail or hospitalized after August 20, 1969 due to a new accident resulting from a fight with an Albany city patrolman and unrelated. At a subsequent hearing held on November 26, 1969, at which claimant was not present, previous awards for the alleged periods of incarceration were rescinded by the Referee, based upon the statement of claimant's attorney that he assumed the dates were correct. There is no further testimony or evidence in the record showing that claimant was sentenced to prison upon the conviction of a crime for any period. The board determined that appellant carrier was not entitled to suspend payments for alleged periods of incarceration since they were supported only by hearsay. Appellants contend that this court should reverse and remit in order to allow the parties to produce their evidence, since the claimant never disputed the claim as to periods of confinement. With this we agree. While a stipulation is not binding on the board, claimant is not entitled to compensation during a period of imprisonment upon conviction of a crime. (*Matter of Pallas* v. *Misericordia Hosp.*, 264 App. Div. 1, affd. 291 N. Y. 692; *Matter of Garner* v. *Shulte Co.*, 23 A D 2d 127.) The matter should be remitted for the purpose of developing the record on proof of claimant's criminal confinement. At the November 26, 1969 hearing claimant's attorney agreed that based on Dr. Jabbur's report of October 30, 1969, subsequent to August 20, 1969 only 20% of claimant's total disability was due to the compensable injuries sustained in 1967 and 80% was due to the incident of August 20, 1969. Dr. Jabbur's report was not introduced into evidence (although it was made a part of the record on appeal by stipulation). Appellants' contention that the board acted arbitrarily in not considering this report is also meritorious. As we have noted, any oral stipulation by claimant's attorney is not binding on the board. Dr. Forster stated in his report of November 6, 1969, " it must be assumed that the additional injuries that he sustained on August 21, 1969 [sic] plays some part in the increase in his symptoms, as well as in the necessity for subsequent surgery, although it is impossible to determine to what degree that episode contributes ". In view of this opinion, the board's determination that claimant's disability subsequent to August 20, 1969 was due 100% to the employment accident of 1967 is not substantiated. The record should be further developed to contain Dr. Jabbur's report of October 30, 1969 so that the board can make a proper factual finding. Decision reversed, and matter remitted to the Workmen's Compensation Board for further proceedings not inconsistent herewith, with one bill of costs to appellants against the Workmen's Compensation Board. Staley, Jr., J. P., Greenblott, Sweeney, Kane and Reynolds, JJ., concur.