In the Matter of the Claim of RICHARD BILELLO, Appellant, v. A. J. ECKERT Co. et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, Jaunary 3, 1974.

*John E. Kirklin* for appellant.

*Foley, Smit & Morabito (Dominic A. Morabito* of counsel), for A. J. Eckert Co. and another, respondents.

*Louis J. Lefkowitz, Attorney-General (Henriette Frieder* and *Daniel Polansky* of counsel), for Workmen's Compensation Board, respondent.

GREENBLOTT, J. This is an appeal by the claimant from a decision of the Workmen's Compensation Board, filed August 7, 1972, which held that claimant was ineligible for benefits as of October 10, 1966.

In November of 1965 claimant, a laborer, sustained an industrial head injury in the course of employment. The carrier voluntarily paid workmen's compensation benefits to the claimant based on his injuries until May 10, 1966 when the carrier discontinued payment in reliance on a physician's report that indicated claimant was able to return to work. The claimant decided to contest this action, but before a hearing could be held to resolve the question of continued disability, claimant was arrested on October 10, 1966 for murder, subsequently convicted, and is now serving a term of 40 years to life.

The board, in a decision dated January 21, 1970, determined that any rights claimant had to compensation benefits terminated on October 10, 1966, the date of claimant's arrest, concluding that any loss of earnings thereafter was due entirely to his incarceration and not in any part to his injury. Claimant requested the board to reconsider but by a decision filed August 7, 1972, the board adhered to its original decision and the instant appeal ensued. Previously, this court held that claimant's sentence to life imprisonment did not preclude his pursuing his appeal on the basis that he was civilly dead pursuant to subdivision 1 of section 79-a of the Civil Rights Law (*Matter of Bilello* v. *Eckert Co.*, 42 A D 2d 243).

The decision of the board, denying claimant benefits during his period of imprisonment upon *conviction* of the crime of murder on July 18, 1968, was proper. (*Matter of Packard* v. *Sperry & Sons*, 39 A D 2d 622.) However, the board's decision denying claimant benefits from October 10, 1966, the date of his arrest, until the date of conviction, was improper.

A confinement which precludes participation in the labor market is not alone sufficient to deprive a former employee who has suffered a work-related disability of his right to benefits. We so held in *Matter of Papkoff* v. *Feldman* (26 A D 2d 140) which involved a patient in a mental hospital; obviously, the claimant in *Papkoff* was no more in the labor market than a defendant, presumed innocent, who is awaiting trial.

To deny a claimant benefits while he is incarcerated awaiting trial is an unfair situation. It favors a defendant who is capable of posting bail over one who is unable to do so. Any rule which has the effect of predicating the right to compensation benefits upon the ability to furnish bail presents a serious question of denial of equal protection of the laws under the Fourteenth Amendment.

The determinative question should be whether or not the claimant, while in jail, could or could not have worked in any event because of his injury. His dependents should not be denied support and the carrier relieved of its obligation when "the physical and industrial disability and the loss of wage-earning capacity on which the award was bottomed still continue[s]" (*Matter of Papkoff* v. *Feldman, supra*, p. 141).

The important factual question should be whether or not the disability continues to impair wage-earning power. If claimant is no longer disabled, he is, of course, no longer entitled to benefits regardless of his criminal status. But the board in this case stated that "claimant may not argue that any loss of wages while incarcerated is due to his occupational head injury" and so far as we can discern, no evidentiary hearing took place.

We, therefore, must conclude that the claimant is entitled to compensation up to the date of conviction, unless the evidence reveals that the disability "on which the award was bottomed" ceased to exist at some time prior thereto. The decision should be reversed and the matter should be remanded for an evidentiary hearing.

The decision should be reversed, without costs, and matter remitted to the Workmen's Compensation Board for further proceedings not inconsistent herewith.

HERLIHY, P. J., (dissenting). The commission of a crime is the equivalent of a voluntary withdrawal from the labor market as of the time the detention occurs and during its continuance.

REYNOLDS, J. (dissenting). The board in its decision of August 7, 1972 passed on the merits of the only issue in this case, i.e., whether the claimant had a causally related loss of earnings after October 10, 1966, and adhered to the affirmance of the Referee's award and decision which granted compensation until October 10, 1966, and held that there was no compensable loss of time thereafter. The basis of the decision was changed, however, to wit: " (1) that under Workmen's Compensation Law, § 15, subd. 3, compensation shall be paid at the rate of 66⅔% of the difference between his prior average weekly wage and his wage-earning capacity thereafter; (2) that claimant has no wage-earning capacity while in prison since October 10, 1966; and (3) that claimant's loss of wages while incarcerated is not due to his occupational head injury." The appeal herein was taken solely from this decision. This decision and the basis thereof were correct and proper.

It is a fundamental principle of the Workmen's Compensation Law that where a claimant voluntarily removes himself from the labor market, no matter what the reason, and his alleged loss of earnings is caused solely by a factor other than disability, he is not entitled to continuing payment of compensation (Matter of Gugino v. New York State Workmen's Compensation Bd., 31 A D 2d 698, 699, mot. for lv. to app. den. 23 N Y 2d 646; Matter of Trust v. Webster Baking Co., 25 A D 2d 807, 808; Matter of Fromm v. Rochester Tel. Corp., 22 A D 2d 728; Matter of Haynos v. American Brass Co., 8 A D 2d 870; Matter of Roberts v. General Elec. Co., 6 A D 2d 43, 45-46).

Additionally, it is of course true that the issue whether a loss of earnings was in any way contributed to by a causally related disability is one of fact to be resolved solely by the board (Matter of Yamonaco v. Union Carbide Corp., 42 A D 2d 1014).

The claimant's right to compensation for a temporary partial disability does not vest but rather it is dependent on continuing proof of causal relationship between loss of earnings and disability; the inability, as the result of a work-connected injury, to perform work suitable to a claimant's qualifications (cf. 2 Larson, Workmen's Compensation Law, § 57.00; Workmen's Compensation Law, § 15, subds. 3, 5; § 37). There is no right to continue receiving workmen's compensation without further proof of a continually related disability or loss of earning capacity which we do not have here and certainly no vesting

until a *classification of permanency*, which was not made here. At this juncture we reach the erroneous basis upon which the majority's position depends. They rely entirely on *Matter of Papkoff* v. *Feldman* (26 A D 2d 140) which involved a patient in a mental hospital. In *Papkoff*, prior to his commitment to the mental hospital, his disability had been classified as *permanent* and the court upheld the board's allowance of continuing compensation while so institutionalized. This principle of law refers only to cases *where there has been a prior classification of permanency*, and has no value whatever as a precedent in the instant case. Here, it is obvious that the board could factually find that the claimant's imprisonment and not his industrial accident has produced any reduced earnings. Thus, the board's finding that any loss of earnings after October 10, 1966 was not causally related to or contributed to by his accidental injury must be sustained.

The decision of the board should be affirmed, without costs.

Cooke and Sweeney, JJ., concur with Greenblott, J.; Herlihy, P. J., and Reynolds, J., each dissent and vote to affirm in separate opinions.

Decision reversed, without costs, and matter remitted to the Workmen's Compensation Board for further proceedings not inconsistent herewith.