## (June 24, 1982)

■ In the Matter of the Claim of PETER TALLINI, Appellant, v MARTINO & SON et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. — Appeal from decisions of the Workers' Compensation Board, filed September 7, 1979 and January 26, 1981, which held that claimant is not entitled to compensation benefits during his period of confinement to a psychiatric ward for the criminally insane. On May 5, 1959, claimant sustained a compensable back injury and was awarded benefits upon the board's finding that he sustained a permanent partial disability. After some time, claimant returned to Italy, his native country, and years later on May 3, 1976 was involved in a bizarre shooting incident in which two people were fatally injured. As a result, claimant was indicted and tried for murder but was acquitted by the Italian court upon its finding that claimant was "incapable of intending or willing at the time of the deeds" and "was not responsible due to total insanity at the time". Claimant was committed to the psychiatric ward of a hospital for the criminally insane. Though conceding that claimant's work-connected permanent partial disability continued, the employer and its carrier, upon hearing of the above-described events, apparently concluded that the claimant was imprisoned and, relying upon *Matter of Bilello v Eckert Co.* (43 AD2d 192) and *Matter of Packard v Sperry & Sons* (39 AD2d 622), made application to the board for suspension of claimant's benefits. The board, finding that claimant had been sentenced, granted the application and suspended payment of all benefits "from the date of the sentence". Claimant appeals from that decision. It is long and well established, as all concede, that a claimant is not entitled to

workers' compensation benefits during the period of imprisonment following his conviction of a crime. However, this claimant was not convicted but, rather, was acquitted and he was not sentenced but was committed. Hence, the question presented is whether an individual, otherwise eligible, who is acquitted of a crime because of his total insanity but committed to a mental institution, loses his rights to workers' compensation benefits. In our view, the board's affirmative answer to that question is not supported by substantial evidence and is contrary to law, and the correct answer is provided in *Matter of Papkoff v Feldman* (26 AD2d 140). In writing therein for a unanimous court to affirm the board's determination that a hospitalized mental patient claimant who was permanently partially disabled was entitled to continued payment of benefits, then Presiding Justice Gibson observed that "[t]he fortuitous circumstance that a claimant who has sustained a permanent partial disability is subsequently hospitalized, for a long or a short period, or for different periods, should not inure to the benefit of the carrier while the physical and industrial disability and the loss of wage-earning capacity upon which the award was bottomed still continue" (*Matter of Papkoff v Feldman, supra,* p 141). Significantly, he went further to instruct the board that the case did not turn, as the board had indicated, on the fact that the admission was as a voluntary patient and, citing a lack of New York authority, pointed out that several of our sister States had adopted the view that mental illness or insanity does not deprive an employee of compensation otherwise due him. To hold otherwise would be to punish those innocently afflicted by mental disease or disorder, a practice long condemned by and contrary to the public policy of this State. While claimant's conduct brought about a terrible tragedy, that tragedy should not be permitted to obscure the plain fact that this claimant lacked the mental capacity to comprehend the nature of his acts and was totally insane and, therefore, not legally responsible for them. Since the board's decision is unsupported by substantial evidence and is contrary to law and reason, it must be reversed. Decision reversed, with costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent herewith. Main, Mikoll and Levine, JJ., concur.

Kane, J. P., and Weiss, J., dissent and vote to affirm in the following memorandum by Kane, J. P. Kane, J. P. (dissenting). After reviewing the uncontroverted facts, the board determined that claimant is not entitled to benefits during his period of confinement. Although claimant concedes that a claimant is not entitled to compensation during a period of imprisonment upon conviction of a crime (see *Matter of Packard v Sperry & Sons,* 39 AD2d 622, 623), he argues that the board erroneously applied this rule to his case since he was acquitted. The majority agrees. We, however, find the board's application of the above-cited rule reasonable. Indeed, claimant admittedly committed two murders and was ordered to be confined to a hospital for the criminally insane for a period of 10 years. The decision should, therefore, be affirmed.