OPINION OF THE COURT
Chief Judge Cooke.
This case presents the question whether a claimant, suffering from a prior work-related permanent partial disability, is entitled to continue receiving workers’ compensation benefits during the period he or she is confined to a psychiatric ward for the criminally insane. This court holds that such confinement should not preclude claimant from receiving those benefits.
On May 5, 1959, claimant injured his back while employed in New York State. The Workers’ Compensation Board subsequently determined that claimant had suffered a permanent partial disability and awarded him benefits. Some time later, claimant moved back to his native Italy. On May 3, 1976, he was arrested in Torrice, Italy, for fatally shooting two persons and wounding a third. After claimant had undergone psychiatric examination, an Italian court declared him “acquitted of the crime of which he *395 is accused * * * inasmuch as the person involved was not responsible due to total insanity at the time he committed the acts.” The court ordered him “committed to a hospital for the criminally insane for a minimum of ten years.”
Claimant’s former employer and its insurance carrier applied to the Workers’ Compensation Board for permission to suspend paying compensation to claimant during his confinement. The board held that claimant’s benefits should be suspended for the duration of his commitment. The Appellate Division, by a divided court, reversed and héld that claimant was entitled to continued benefits. This court now affirms.
The Workers’ Compensation Law in general was enacted “as a means of protecting workingmen and their dependents from want in case of injury” on the job (Matter of Post v Burger & Gohlke, 216 NY 544, 553), and should “be interpreted with fair liberality, to the end of securing the benefits which it was intended to accomplish” (Matter of Petrie, 215 NY 335, 338). Under certain circumstances, however, a worker who has suffered an impairment of wage-earning ability through a permanent work-related disability may lose the right to further workers’ compensation benefits.
It has been held that a claimant is not entitled to workers’ compensation benefits while incarcerated after conviction of a crime (see Matter of Bilello v Eckert Co., 43 AD2d 192; Matter of Packard v Sperry & Sons, 39 AD2d 622). Not all confinements that remove a claimant from the labor market, however, deprive the claimant of the right to receive compensation for a prior work-related injury. A claimant who is in jail awaiting a criminal trial is entitled to benefits so long as the work-related disability continues (see Matter of Bilello v Eckert Co., 43 AD 2d 192, 194, supra).
Likewise, a claimant who is voluntarily committed to a mental institution should not be deprived of continued compensation for his work-related permanent partial disability (see Matter of Papkoff v Feldman, 26 AD2d 140, affd no opn 19 NY2d 932). Indeed, there is “no basis, in authority or in reason, for [the] unqualified conclusion that a *396 claimant may not collect payments awarded to him for permanent partial disability unless he is in the labor market. The fortuitous circumstance that a- claimant who has sustained a permanent partial disability is subsequently hospitalized, for a long or short period, or for different periods, should not inure to the benefit of the carrier while the physical and industrial disability and the loss of wage-earning capacity on which the award was bottomed still continue.” (Id., at p 141.)
To penalize a worker who has suffered a permanent disability solely because he or she has subsequently been afflicted by mental illness would in no way further the goals behind the Workers’ Compensation Law. Indeed, the new malady most often will increase the importance of these benefits to the worker and his or her family (see Walsh’s Case, 227 Mass 341; Ward v Heth Bros., 212 Mich 180). Suspending benefits during periods of institutionalization for treatment of mental illness would only compound the hardship created by the illness itself. In addition, by discouraging recipients from seeking treatment for mental problems, suspension of benefits might well be counterproductive to the health of such injured workers. For these reasons, the commitment of a workers’ compensation recipient for treatment of mental illness should not in itself bar continued benefits, so long as the underlying work-related disability continues to exist. It is undisputed here that claimant’s permanent partial disability had not ended, and that the board’s determination was based solely on claimant’s court-ordered commitment.
The employer and carrier argue that claimant’s commitment is the equivalent of a criminal conviction barring him from continued workers’ compensation benefits (see Matter of Bilello v Eckert Co., supra). This contention finds no support in the determination of the Italian court. The court found him “not responsible due to total insanity” at the time of the shootings, and acquitted him of the criminal charges. For the purposes of this case, the court’s commitment of claimant to a mental hospital for a minimum of 10 years does not convert the court’s determination into a criminal conviction.
*397 Accordingly, the order of the Appellate Division should be affirmed, with costs.
Judges Jasen, Jones, Wachtler, Fuchsberg, Meyer and Simons concur.
Order affirmed, with costs.