In the Matter of RICHARD T. PETTY (Admitted as RICHARD THOMAS PETTY), a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, November 7, 1991

APPEARANCES OF COUNSEL

*Jorge Dopico* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

No appearance on behalf of respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent, Richard T. Petty, was admitted to the practice of law in New York by the First Judicial Department on March 21, 1983, under the name Richard Thomas Petty. At all times relevant herein, respondent has maintained an office for the practice of law within the First Department.

On June 25, 1990, petitioner Departmental Disciplinary Committee served respondent with a notice and statement of charges alleging that he had engaged in acts constituting (i) neglect of clients' legal matters, in violation of Code of Professional Responsibility DR 6-101 (A) (3); (ii) failure to maintain contact with clients concerning the status of their cases, in violation of DR 7-101 (A) (3); (iii) misrepresentation of the status of cases to clients, in violation of DR 1-102 (A) (4); (iv) failure to promptly return client property consisting of documents and escrow funds, in violation of DR 9-102 (B) (4); and (v) failure to cooperate with the Committee in its investigation of multiple complaints of professional misconduct, in violation of 22 NYCRR 603.4 (e) (1) (i) and DR 1-102 (A) (5).

Among the allegations underlying the 12 charges contained in the notice were that, on or about December 1, 1987, respondent was paid a $300 retainer fee to represent Suzie Pongnon in an action for specific performance of a real property contract. Respondent failed to maintain contact with this client, did not respond to her requests for status reports, and could not be reached by her via telephone after the summer of 1988.

Respondent was similarly derelict in his representation of Brian J. Zerzycki, from whom he accepted a $300 retainer fee in or about May 1988, in an action for an uncontested divorce. Despite respondent's assurances that the matter would be completed within 6 to 8 weeks, appellant neglected it for a period in excess of two years, during which time he failed to satisfactorily explain the delay. In another divorce action, respondent was retained in or about February 1988, by Lilian McCall, who paid advance fees and disbursements of $406.

This case was also neglected for over two years, and the client misinformed as to its status by respondent and his employees.

Charge Five of the notice concerned another divorce action. Respondent was retained by Walter King, who initially paid a retainer fee of $100 on February 14, 1988, and thereafter satisfied the balance of respondent's fee with a second payment of $245. Respondent allegedly failed to answer this client's requests for a status report, and gave no explanations for the delay in handling the matter. In May 1989, respondent obtained a judgment of divorce on behalf of King, and mailed it to his last known address, but the client had by then left the State, and the post office could not deliver the judgment.

Further contained in the notice and statement of charges were allegations that respondent failed and refused to return escrow funds. One such matter involved an $8,000 down payment which respondent received from Ann Richards, to be held in escrow for the purchase of a house. When the client was unable to secure a mortgage commitment from her bank, she demanded the return of this down payment, but respondent failed and refused to release the money. In another real property transaction, respondent represented the estate of Victoria Gargiulo, and likewise failed and refused to release $15,000 deposited with him in escrow when a new attorney was substituted.

In addition to charges arising out of professional misconduct in his representation of clients, respondent was charged with failing and refusing to comply with repeated requests of the Committee that he submit written responses to the 11 complaints brought against him.

At a hearing conducted on October 2, October 30, November 27, 1990 and January 29, 1991, the Hearing Panel sustained each of the charges with the exception of Charge Five (DR 6-101 [A] [3]), regarding respondent's alleged neglect of the divorce action of Walter King. Several of the charges sustained by the Hearing Panel were admitted by respondent in a prehearing stipulation dated October 26, 1990.

On the basis of the evidence heard at the hearing, the Hearing Panel instructed the Committee to file various supplemental charges concerning the commingling and conversion of funds by respondent. Thus, on January 2, 1991, respondent was served with a notice and statement of supplemental charges consisting of: (1) converting client funds, in violation of DR 1-102 (A) (4) and DR 1-102 (A) (6) (now DR 1-102 [A] [7]);

(2) commingling client funds, in violation of 22 NYCRR 603.15 (a); (3) failing to promptly pay or deliver client funds, in violation of DR 9-102 (B) (4); (4) neglecting a legal matter, in violation of DR 6-101 (A) (3); (5) failing to account for client funds, in violation of DR 9-102 (B) (3); (6) failing and refusing to produce escrow records in response to Committee notices and a subpoena duces tecum, in violation of 22 NYCRR 603.5 (a), (b) and DR 1-102 (A) (5) and DR 1-102 (A) (6) (now DR 1-102 [A] [7]); and (7) failing and refusing to file an affidavit in compliance with 22 NYCRR 603.13 and with the order of the Appellate Division suspending him from practice of law, in violation of DR 1-102 (A) (5) and DR 1-102 (A) (6) (now DR 1-102 [A] [7]).

At the final hearing, held January 29, 1991, the Hearing Panel sustained each of the supplemental charges, on the basis of testimony, evidence received, and a stipulation dated January 29, 1991, in which respondent admitted all of the charges contained in the notice of statement and supplemental charges. After receiving testimony in mitigation, the Hearing Panel determined to refer the matter to the Appellate Division with a recommendation that respondent be disbarred.

Before us is the petition of the Departmental Disciplinary Committee seeking an order confirming the Hearing Panel's report and imposing the recommended sanction of disbarment. Respondent was served with a notice of this petition on April 29, 1991 and has, to date, failed to respond.

Upon review of this record, we conclude that the evidence presented to the Hearing Panel, and respondent's admissions with respect to several charges, amply support the Hearing Panel's findings and conclusions. Since 1987, respondent has engaged in a pattern of professional misconduct involving neglect of legal matters, dishonesty, and misappropriation of clients' funds, and has failed to assert a meritorious defense in mitigation of his actions. Among the more serious of the charges are at least five instances of mishandling and/or conversion of clients' funds.

In the absence of extremely unusual mitigating circumstances, this court has consistently viewed the conversion of funds belonging to a client or a third party as grave misconduct which warrants the severe sanction of disbarment (*Matter of Schmidt*, 145 AD2d 103; *Matter of Malatesta*, 124 AD2d 62; *Matter of Walker*, 113 AD2d 254) in adherence of the principle that an attorney who misappropriates funds is pre-

sumptively unfit to practice law. *(Matter of Pressment,* 118 AD2d 270 [citing *Matter of Marks,* 72 AD2d 399, 401].)

In the case before us, we discern no mitigating circumstances which may dictate the imposition of lesser sanctions. *(See, e.g., Matter of Altschuler,* 139 AD2d 311; *Matter of Engram,* 129 AD2d 115.)* Indeed, explanations proffered at the hearing by respondent were often refuted by documentary evidence. Respondent's restitution was made only to 3 of 5 clients, 2 of whom were repaid only after the commencement of disciplinary proceedings. In one case, respondent reimbursed a client with funds belonging to another.

This court further takes into consideration that, throughout the proceedings, respondent refused to cooperate with the Committee in its investigation of the numerous complaints against him, making it necessary for that body to seek an interim suspension order. Following his suspension, respondent persisted in his refusal to cooperate, and the evidence reveals that he may have continued to practice law. Despite respondent's admissions on many of the charges, his testimony was evasive and contradictory, and some questions, particularly those concerning the mishandling of escrow funds, were met with outright refusals to answer.

Accordingly, the petition should be granted, and respondent's name stricken from the roll of attorneys and counselors-at-law, effective immediately.

KUPFERMAN, J. P., ROSS, KASSAL, SMITH and RUBIN, JJ., concur.

Petition granted and respondent is disbarred from practice as an attorney and counselor-at-law in the State of New York, effective immediately.