■ In the Matter of JAMES R. MURDOCK, JR., an Attorney,

Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, Petitioner.—Per Curiam. Respondent was admitted to practice by this court in 1970 and maintains an office for the practice of law in Ticonderoga, Essex County.

Petitioner, the Committee on Professional Standards, moves for an order, pursuant to section 806.4 (f) of this court's rules (22 NYCRR 806.4 [f]), suspending respondent pending consideration of disciplinary charges against him.

By petition dated February 28, 1992, respondent is accused of seven charges of professional misconduct, including converting client funds, failure to maintain complete records of client funds or of his attorney escrow account, failure to render appropriate accountings, failure to promptly deliver funds to clients, making improper withdrawals from his attorney escrow account, failure to deposit client funds into appropriate accounts or into interest bearing accounts, and failure to cooperate with petitioner.

We have reviewed the affidavits and papers submitted on the motion and find therein admissions by respondent to and uncontroverted evidence of respondent's professional misconduct. Petitioner has demonstrated that respondent's attorney escrow account has been and continues to be seriously mishandled, that respondent has commingled funds, and that conversions of client funds have occurred (i.e., respondent's escrow account balance has on several occasions fallen substantially below the minimum balance required to be maintained on behalf of clients whose funds were deposited therein). Petitioner has also demonstrated that the escrow account abuses alleged are not isolated incidents but part of an ongoing pattern of misconduct involving client funds.

While respondent attributes his misconduct to inadvertence and shoddy bookkeeping practices, denies any venal motives or actual client losses, and gives assurances that all client funds will be accounted for, we conclude that he is guilty of professional misconduct immediately threatening the public interest which warrants his suspension from the practice of law forthwith (see, e.g., Matter of Padilla, 67 NY2d 440; Matter of Baltimore, 128 AD2d 323; Matter of Steuerwald, 88 AD2d 1090).

Accordingly, petitioner's motion is granted and respondent is suspended from the practice of law until such time as the disciplinary proceeding has been concluded and until further order of this court. The suspension shall commence upon service on respondent of this memorandum and order (22 NYCRR 806.4 [f] [2]).

Levine, J. P., Mercure, Crew III and Casey, JJ., concur. Ordered, that petitioner's motion to suspend respondent from the practice of law, pursuant to section 806.4 (f) of this court's rules (22 NYCRR 806.4 [f]), is granted; and it is further ordered, that respondent is hereby suspended from the practice of law commencing upon service of this order on respondent and until such time as the disciplinary proceeding has been concluded, and until further order of this court; and it further ordered, that for the period of suspension respondent be and hereby is commanded to desist and refrain from the practice of law in any form either as principal or agent, or as clerk or employee of another; and he hereby is forbidden to appear as an attorney or counselor at law before any court, Judge, Justice, board, commission or other public authority or to give to another any opinion as to the law or its application, or any advice with relation thereto; and it is further ordered, that respondent shall comply with the provisions of section 806.9 of the rules of this court regulating the conduct of disbarred, suspended or resigned attorneys.