■ In the Matter of JAMES R. MURDOCK, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, Petitioner.—Per Curiam. Respondent was admitted to practice by this Court in 1970 and maintains an office for the practice of law in Ticonderoga, Essex County.

On April 3, 1992, respondent was summarily suspended from the practice of law for "professional misconduct immediately threatening the public interest" (Matter of Murdock, 182 AD2d 915, 916; see, 22 NYCRR 806.4 [f]). The underlying petition had accused him of seven charges of professional misconduct, including conversion of client funds, failure to maintain complete records of client funds or of his attorney escrow account, failure to render appropriate accountings, failure to promptly deliver funds to clients, making improper withdrawls from his attorney escrow account, failure to deposit client funds into appropriate accounts or into interest bearing accounts, and failure to cooperate with petitioner. Respondent's answer admitted many factual specifications but also denied many charges of professional misconduct. On August 11, 1992, we granted petitioner's motion for an order pursuant to section 806.5 of this Court's rules (22 NYCRR 806.5) declaring that no factual issues were raised by the pleadings and fixing a time at which respondent could be heard in mitigation or otherwise. Respondent appeared before the Court by counsel on September 10, 1992.

Charge I accuses respondent of converting client funds. Specification 1 alleges a discrepancy of $24,044 on June 30, 1991 between the balance in respondent's attorney escrow account and the balance that should have been maintained to cover funds deposited therein on behalf of Whitman for whom

respondent was attorney and conservator. Specification 2 alleges a discrepancy of $99,936.97 on December 1, 1990, between the balance in his attorney escrow account and the necessary balance to cover Shattuck estate funds. Specification 3 alleges that from January 24 to February 7, 1989, respondent caused four checks totalling $52,000 to be issued from Jennie B. Shattuck's personal checking account. Shattuck died February 9, 1989. Respondent has not documented the continued availability of these funds to the estate. Specification 4 alleges that respondent represented LaGrange in the sale of real property to Caldwell and Cummings. Respondent received some $51,033.06 from the purchasers in September 1991 which he deposited in his attorney escrow account. Between September 27, 1991 and January 24, 1992, when respondent remitted $45,936.20 to Martin LaGrange, the balance in his escrow account on numerous occasions fell below the minimum balance he should have maintained on LaGrange's behalf. On January 9, 1992, the balance in the account was only $141.47. Specification 5 alleges that between July 26, 1991 and October 4, 1991, the balance in respondent's escrow account on many occasions fell below the minimum amount he should have maintained on behalf of his client Wikstrom. He deposited $161,731.56 on July 26 in proceeds from the sale of Wikstrom's property and remitted $97,153.50 to Wikstrom on October 4. On August 29 the balance in the account was only $13,332.62 and on September 24 it was only $1,959.64. Specification 6 alleges that, on numerous occasions, respondent issued checks from his escrow account in payment of personal obligations. In view of respondent's factual admissions and petitioner's supporting documentation, we find respondent guilty of the conversion charged and specified in charge I.

Also based upon respondent's admissions and the documentary proof submitted by petitioner, we find respondent guilty of the professional misconduct alleged in the remaining charges and specifications of the petition, except specification 1 of charge IV which petitioner has withdrawn and specification 3 of charge VII which alleges failure to cooperate with petitioner's inquiry letter dated January 21, 1992.

Respondent is guilty of very serious professional misconduct, the most grievous instances of which are his substantial conversions of client funds on several occasions. While respondent claims his clients have been or will be made whole, he has failed to document such assertions. The remaining charges and specifications portray an attorney whose client accounts

have been and continue to be in complete disarray in violation of various disciplinary rules.

In mitigation, respondent submits that until his summary suspension he enjoyed an unblemished disciplinary record and, as demonstrated by the many character letters submitted on his behalf, he also enjoyed considerable personal and professional respect in his community.

In order to protect the public, deter similar misconduct, and preserve the reputation of the Bar, we conclude that respondent's serious professional misconduct, especially his conversions of client funds, warrants disbarment *(see, e.g., Matter of Lewis,* 159 AD2d 854, *appeal dismissed, lv denied* 76 NY2d 783, *rearg denied* 76 NY2d 936; *Matter of Loughlin,* 124 AD2d 925; *see also, Matter of Petty,* 171 AD2d 283, 286-287).

With regard to petitioner's request for an order of restitution pursuant to Judiciary Law § 90 (6-a), we are unable to grant such relief since the specific amounts presently owed by respondent to his clients have not been established in this proceeding *(see,* Judiciary Law § 90 [6-a] [b]).

Respondent is hereby disbarred.

Mikoll, J. P., Yesawich Jr., Mercure, Mahoney and Casey, JJ., concur. Ordered that petitioner's application for an order sustaining the charges and specifications set forth in the petition is hereby granted and respondent is hereby found guilty of the professional misconduct alleged therein, except that specification 1 of charge IV and specification 3 of charge VII are hereby dismissed; and it is further ordered, that James R. Murdock, who was admitted as an attorney and counselor-at-law by this Court on July 8, 1970, be and hereby is disbarred and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective immediately; and it is further ordered, that respondent be and hereby is commanded to desist and refrain from the practice of law in any form either as principal or agent, or as clerk or employee of another; and he hereby is forbidden to appear as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority or to give to another any opinion as to the law or its application, or any advice with relation thereto; and it is further ordered, that respondent shall comply with the provisions of section 806.9 of the rules of this Court regulating the conduct of disbarred, suspended or resigned attorneys; and it is further ordered that petitioner's request for an order of restitution pursuant to Judiciary Law § 90 (6-a) is hereby denied.