(October 26, 1992)

■ In the Matter of LAWRENCE B. LENNON, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, Petitioner.—Per Curiam. Respondent was admitted to practice by the Fourth Department in 1966. He maintains a law office in the Third Department in the City of Plattsburgh, Clinton County.

Petitioner, the Committee on Professional Standards, by petition dated May 5, 1992, accuses respondent of neglect of a client's estate, failure to maintain the required records for his attorney escrow and trust accounts, and conversions of client funds.

Respondent does not contest the charges. Accordingly we find respondent guilty of the professional misconduct charged and specified.

According to charge I, respondent neglected the estate of Le Roy Scholtz, for which he was executor and attorney. Specifically, respondent failed to take appropriate measures to sell an estate asset, an automobile, which had been held in storage. The failure resulted in continued depreciation of the asset while storage charges accrued. Eventually, respondent trans-

ferred title to the automobile to the owner of the resulting facility as payment in full for the storage fees thereby resulting in a loss of the asset to the estate. Also, respondent allowed a balance of $123.22 in an estate bank account to be depleted by monthly service charges.

According to charge II, respondent failed to maintain the required records of his attorney escrow and trust accounts from 1986 through 1990 (see, Code of Professional Responsibility DR 9-102 [22 NYCRR 1200.46], and former section 806.18 of this Court's rules [22 NYCRR 806.18; repealed eff Sept. 1, 1990]).

Charge III sets forth the most serious accusation against respondent, converting client funds. Each of the charge's six specifications cites a deposit to respondent's attorney escrow account on behalf of a named client and a succeeding period of time during which the balance in the account was continuously below the amount he was required to maintain on behalf of the named client and other clients. The four named clients included the Scholtz estate, Lyle Plante, the Higbee estate and the Vance estate; the six deposits occurred from January 1986 to April 1988 and ranged in amount from $5,000 (Plante) to $30,546.52 (Higbee); the deficiency periods ranged from about three and a half months (Plante) to about two years (Higbee); the deficiency periods occurred from July 1986 to December 1988. The petition does not state the amounts of the deficiencies.

Although respondent has filed an answer to the petition and submitted an affidavit in mitigation of his misconduct as well as a character affidavit (although declining an opportunity to appear before the Court and be heard in mitigation), he has failed to furnish explanations for the causes of the deficiencies in his attorney escrow account or documentary proof that no client suffered a loss as a result of them. In the absence of such information, it is fair to assume that respondent venally converted funds in his escrow account and that such conversion was not the result of inadvertence or sloppy bookkeeping.

In mitigation, respondent alleges that he has made progress in completing the Scholtz estate, that he is currently in compliance with the Code of Professional Responsibility DR 9-102 (22 NYCRR 1200.46) with respect to his attorney escrow accounts, that he owes no money to Lyle Plante, and that he has paid the legatees and residuary legatees of the Vance estate. He has promised restitution to any client to whom it is determined he owes money. Respondent has enjoyed an un-

blemished public disciplinary record until now and apparently enjoys a good reputation in the Plattsburgh area.

On the other hand, petitioner challenges the extent of respondent's progress in resolving the Scholtz estate; respondent has not mentioned the Higbee estate in his various affidavits; and there is no information to support the reliability of his promise of restitution or the extent to which it may be necessary.

In view of the above and especially because we find that respondent's admitted and unexplained conversions of client funds appear to have been intentional and part of an unacceptable pattern of behavior over a period of time, we conclude that, to protect the public, deter similar misconduct, and preserve the reputation of the Bar, respondent should be suspended from the practice of law for a period of two years (see, e.g., Matter of Steenbergh, 165 AD2d 953; Matter of Rothenberg, 143 AD2d 479).

Yesawich Jr., J. P., Levine, Mercure, Mahoney and Casey, JJ., concur. Ordered that respondent is hereby suspended from the practice of law for a period of two years, effective November 27, 1992; and until further order of this Court, with leave to apply for reinstatement after the expiration of said period upon furnishing satisfactory proof that during said period he has actually refrained from attempting to practice as an attorney and counselor-at-law, that he has complied fully with the provisions of section 806.12 (b) of this Court's rules governing the conduct of attorneys, and that he has otherwise properly conducted himself during the period of his suspension; and it is further ordered, that for the period of suspension respondent be and hereby is commanded to desist and refrain from the practice of law in any form either as principal or agent, or as clerk or employee of another; and he hereby is forbidden to appear as an attorney or counselor at law before any court, Judge, Justice, board, commission or other public authority or to give to another any opinion as to the law or its application, or any advice with relation thereto; and it is further ordered, that respondent shall comply with the provisions of section 806.9 of the rules of this Court regulating the conduct of disbarred, suspended or resigned attorneys.