■ In the Matter of ROBERT L. SCHLESINGER, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, Petitioner. [601 NYS2d 359] —Per Curiam. Respondent was admitted to practice by this Court in October 1990. He has practiced law in Albany.

Petitioner, the Committee on Professional Standards, moves to suspend respondent from the practice of law pending consideration of disciplinary charges against him. Respondent has not replied to the motion.

The papers submitted on the motion indicate that during an oral examination of respondent by petitioner held July 20,

1993, he admitted that he converted $25,262.34 from the bank account of his client, Charles Packard, for his personal use. He also claimed to have repaid about $10,000. Respondent was supposed to administer the moneys in the account for Packard's benefit pursuant to an agreement with the Veteran's Administration. Respondent converted the moneys by writing 25 checks payable to himself from November 1992 to May 1993. It appears respondent still has custody of the bank account. Respondent also admitted to recent substance abuse but claimed he was being treated by a physician for his condition.

Section 806.4 (f) (1) of this Court's rules (22 NYCRR 806.4 [f] [1]) authorizes the interim suspension of an attorney pending consideration of disciplinary charges "upon a finding that the attorney is guilty of professional misconduct immediately threatening the public interest." Based upon respondent's admissions under oath (see, 22 NYCRR 806.4 [f] [1] [ii]), we find that his recent conversions from the Packard account, his need to make restitution of some $15,000, and his personal problems, constitute an immediate threat to the public interest and especially the funds of his clients.

We therefore grant petitioner's motion (see, e.g., *Matter of Murdock*, 182 AD2d 915). Petitioner shall file a petition of charges within 45 days of this decision.

Mikoll, J. P., Yesawich Jr., Mercure, Crew III and Mahoney, JJ., concur. Ordered that petitioner's motion to suspend respondent from the practice of law, pursuant to section 806.4 (f) of this Court's rules (22 NYCRR 806.4 [f]), is granted, and it is further ordered that respondent is hereby suspended from the practice of law commencing upon service of this order on respondent and until such time as the disciplinary proceeding has been concluded, and until further order of this Court, and it is further ordered, that for the period of suspension respondent be and hereby is commanded to desist and refrain from the practice of law in any form, either as principal or agent, or as clerk or employee of another; and he hereby is forbidden to appear as an attorney and counselor at law before any court, Judge, Justice, board, commission or other public authority or to give any opinion as to the law or its application, or any advice with relation thereto; and it is further ordered that respondent shall comply with the provisions of section 806.9 of the rules of this Court (22 NYCRR 806.9) regulating the conduct of disbarred, suspended or resigned attorneys and

it is further ordered that petitioner shall file a petition of charges within 45 days of this decision.