THIRD DEPARTMENT, SEPTEMBER, 1993

(September 10, 1993)

■ In the Matter of LAWRENCE B. LENNON, an Attorney,

Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, Petitioner. [601 NYS2d 717] —Per Curiam. Respondent was admitted to practice by the Appellate Division, Fourth Department, in 1966. Until his suspension from practice for a period of two years by this Court, effective November 27, 1992 (see, Matter of Lennon, 186 AD2d 895), he maintained a law office in Plattsburgh, Clinton County. Respondent's suspension was due to his neglect of a client's estate, failure to maintain the required records for his attorney escrow and trust accounts, and conversions of client funds.

By petition dated June 29, 1993, the Committee on Professional Standards preferred six charges of professional misconduct against respondent, including neglect of two estate matters, failure to account for funds in his possession belonging to a client, misleading and deceiving this Court, failure to comply with the order suspending him from practice, and failure to comply with the attorney registration requirements.

Upon respondent's failure to answer the petition, petitioner moved for a default judgment. Respondent has not replied to the motion. Petitioner has filed proof of proper service of the notice of petition and proof by affidavit of the facts constituting the alleged misconduct. Under such circumstances, respondent is deemed to have admitted the charges and we grant the motion and find respondent guilty of the alleged misconduct (see, Matter of Larson, 177 AD2d 852).

By virtue of his failure to appear in this proceeding, respondent has effectively admitted additional professional misconduct the clear implication of which is a continuing pattern of conversion of client funds. He has also evinced a disregard for his fate as an attorney by failing to answer the petition or reply to petitioner's motion, by failing to fully comply with the prior suspension order, and by failing to comply with the attorney registration statute and rules. Finally, he has admitted a charge of misleading and deceiving this Court in an affidavit submitted in connection with the prior disciplinary proceeding which was relied upon by this Court in extending leniency to respondent. In view of the above, we conclude that respondent should be disbarred.

Mikoll, J. P., Yesawich Jr., Mercure, Mahoney and Casey, JJ., concur. Ordered that, respondent, Lawrence B. Lennon, who was admitted as an attorney and counselor-at-law by the Fourth Department on March 10, 1966, be and hereby is

disbarred and his name is stricken from the roll of attorneys and counselors-at-law in the State of New York, effective immediately; and it is further ordered that, respondent be and hereby is commanded to desist and refrain from the practice of law in any form, either as principal or agent, or as clerk or employee of another; and he hereby is forbidden to appear as an attorney and counselor-at-law before any court, Judge, Justice, board, commission or other public authority or to give any opinion as to the law or its application, or any advice with relation thereto; and it is further ordered that respondent shall comply with the provisions of section 806.9 of the rules of this Court (22 NYCRR 806.9) regulating the conduct of disbarred, suspended or resigned attorneys.