■ In the Matter of ROBERT L. SCHLESINGER, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, Petitioner. [607 NYS2d 462] —Per Curiam. By decision and order dated August 24, 1993, this Court suspended respondent pending consideration of disciplinary charges *(Matter of Schlesinger,* 196 AD2d 683). Respondent was admitted to practice by this Court in October 1990 and practiced law in Albany.

By petition dated September 30, 1993, the Committee on Professional Standards charges respondent with conversion of client funds, failure to maintain complete records of client funds, failure to maintain required records for his attorney-at-law escrow account, commingling personal funds with those of

his clients, using his escrow account to protect personal funds from judgment creditors, and failing to cooperate with petitioner in its investigation of inquiries filed against him.

Petitioner now moves for a default judgment against respondent on the grounds that respondent has failed to file an answer to the petition or to otherwise appear. Petitioner also requests an order directing respondent to make monetary restitution to a client and requiring him to reimburse petitioner for the stenographic costs of an examination of respondent conducted pursuant to subpoena.

Respondent has failed to answer the petition or appear in response to the instant motion, both of which were personally served upon him. Petitioner has filed proof by affidavit of the facts constituting the alleged misconduct. Under such circumstances, respondent is deemed to have admitted the charges and petitioner's motion is granted (see, Matter of Lennon, 186 AD2d 895; Matter of Larson, 177 AD2d 852).

Respondent has converted substantial amounts of client funds for his personal use. From November 1992 through May 1993, respondent issued 25 checks payable to himself from a checking account belonging to one Charles Packard for whom respondent served as a legal custodian pursuant to a fiduciary agreement with the Veterans Administration. The checks totalled $25,262.34. Also, on at least 78 occasions between July 1, 1992 and May 28, 1993, respondent issued checks from his escrow account, totalling $28,613.20, in payment of personal obligations. Respondent also carelessly maintained the records of his escrow and trust accounts, in violation of various disciplinary rules.

The record also indicates, in mitigation, that respondent suffers from addiction to illegal drugs and that he is being treated by a physician and would be willing to participate in the New York State Bar Association's program for lawyers suffering from substance abuse. However, we find his professional misconduct, especially the conversions of client funds, too grievous to warrant leniency. In addition, his failure to answer the petition or appear on the instant motion evince a disregard for his fate as an attorney.

In view of the above, we conclude that respondent should be disbarred (see, e.g., Matter of Murdock, 186 AD2d 312).

We also grant petitioner's request for an order pursuant to Judiciary Law § 90 (6-a) requiring respondent to make monetary restitution to Charles Packard, but only to the extent of $15,262.34. The bank records for the Packard checking ac-

count and respondent's testimony at an earlier hearing reflect a deposit of $10,000 in June 1993 in partial restitution of the $25,262.34 converted from the account by respondent. We also grant petitioner's request for an order pursuant to section 806.4 (e) of this Court's rules (22 NYCRR 806.4 [e]) requiring respondent to reimburse petitioner for stenographic costs in the amount of $891.30.

Cardona, P. J., Mikoll, Mercure, Crew III and White, JJ., concur. Ordered that, respondent, Robert L. Schlesinger, be and hereby is disbarred and his name is stricken from the roll of attorneys and counselors-at-law in the State of New York, effective immediately; and it is further ordered that respondent is hereby directed to make monetary restitution in the amount of $15,262.34 to Charles Packard and to reimburse the Lawyers' Fund for Client Protection of the State of New York for any awards made to Charles Packard, all in accordance with Judiciary Law § 90 (6-a); and it is further ordered that respondent is hereby directed to reimburse petitioner for stenographic costs in the amount of $891.30, pursuant to section 806.4 (e) of this Court's rules; and it is further ordered that respondent be and hereby is commanded to desist and refrain from the practice of law in any form, either as principal or as an agent, clerk or employee of another; and he hereby is forbidden to appear as attorney and counselor-at-law before any court, Judge, Justice, board, commission or other public authority or to give to another an opinion as to the law or its application, or of any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of section 806.9 of the rules of this Court regulating the conduct of disbarred, suspended or resigned attorneys.