(September 23, 1994)

■ In the Matter of SETH E. SHAPIRO, an Attorney and Counselor-at-Law, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, Petitioner. [617 NYS2d 64] —Per Curiam. Respondent was admitted to practice by this Court in 1981. He maintains an office for the practice of law in Saratoga Springs.

By petition dated October 27, 1993, the Committee on Professional Standards charged that respondent converted client funds (charge I), failed to maintain adequate books and records (charge II), failed to render an appropriate accounting to his client and failed to promptly pay over funds to his client (charge III), commingled personal funds with those of his clients (charge IV), and failed to cooperate with petitioner in its investigation of an inquiry filed against him (charge V).

After hearings held on January 10 and 31, 1994, the Referee rendered a report sustaining the charges. Petitioner moves to confirm the report. Respondent opposes the motion and contends the report should be confirmed only with respect to charges II and V.

In view of the evidence credited by the Referee and respondent's admissions, we grant petitioner's motion and find respondent guilty of the professional misconduct charged and specified in the petition.

Respondent is guilty of very serious misconduct. He converted a client's funds to his own use and concealed the conversion from the client. The conversion was substantial (over $24,000) and occurred not on a single occasion but in varying amounts over several years. Respondent did replace some of the moneys on his own (about $7,000) but did not make additional restitution until the client discovered the conversion, retained an attorney and complained to the disciplinary and criminal authorities. Even then, the restitution was partial ($11,000 on a debt of more than $17,000), delayed by about two and a half months, and was made in exchange for a general release from the client. Respondent also retained for his own purposes $3,595.66 in interest earned on his escrow savings account which he should have credited to his clients. He failed to maintain adequate books and records on his escrow accounts, cannot account for $10,000 withdrawn from his escrow savings account from June 1986 through April 1990, commingled personal funds with those of his clients in his escrow savings account, and failed to cooperate with petitioner's investigation of an inquiry instigated by the client whose funds were converted, although the Referee found the lack of cooperation not willful.

Respondent claims the alleged conversions were actually pursuant to a borrowing agreement with the aggrieved client, but aside from respondent's own testimony, he has not produced any documentary or testimonial proof thereof. The client denies any loan agreement. Respondent vigorously de-

nies any conversion of client moneys. The Referee resolved the credibility issue in favor of the client and we decline to disturb that conclusion (see, e.g., *Matter of Cohn*, 194 AD2d 987, 990).

In view of the above, we conclude that respondent should be disbarred to protect the public, deter similar misconduct, and to preserve the reputation of the Bar (see, e.g., *Matter of Murdock*, 186 AD2d 312).

Mikoll, J. P., Crew III, White, Yesawich Jr. and Peters, JJ., concur. Ordered that petitioner's motion to confirm the Referee's report is hereby granted and respondent is hereby found guilty of the professional misconduct charged and specified in the petition; and it is further ordered that respondent is hereby disbarred from practice, effective October 23, 1994; and it is further ordered the respondent be and hereby is commanded to desist and refrain from the practice of law in any form, either as principal or as an agent, clerk or employee of another; and he hereby is forbidden to appear as attorney and counselor-at-law before any court, Judge, Justice, board, commission or other public authority or to give to another an opinion as to the law or its application, or of any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of section 806.9 of the rules of this Court (22 NYCRR 806.9) regulating the conduct of disbarred, suspended or resigned attorneys.