[663 NYS2d 698]

In the Matter of the Claim of ROBIN BARRON, Respondent, v ELLIS HOSPITAL et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.

Third Department, October 30, 1997

## APPEARANCES OF COUNSEL

*James P. O'Connor,* New York City *(Carl D. Copps* of counsel, Albany), for Ellis Hospital and another, appellants.

*Dennis C. Vacco, Attorney-General,* New York City *(Howard B. Friedland, Daniel F. DeVita, Iris A. Steel* and *Kevin J. Lamberson* of counsel), for Workers' Compensation Board, respondent.

## OPINION OF THE COURT

WHITE, J.

The facts giving rise to this appeal are that as the result of sustaining a work-related injury in 1992, claimant was receiving workers' compensation benefits when he was arrested and incarcerated on March 3, 1994. He remained in pretrial detention until August 31, 1994, when he entered a guilty plea to various criminal charges which resulted in an indeterminate sentence of imprisonment. Pursuant to Penal Law § 70.30 (3), the 237 days claimant spent in jail prior to his conviction were credited against his sentence. This prompted claimant's employer, Ellis Hospital, and its workers' compensation insurance carrier, the State Insurance Fund (hereinafter collectively referred to as the employer), to seek a credit for the payments it made to claimant during his 237 days of pretrial detention. The Workers' Compensation Board affirmed the Workers' Compensation Law Judge's determination denying the employer's request. This appeal ensued.

In *Matter of Bilello v Eckert Co.* (43 AD2d 192, *appeal dismissed* 34 NY2d 663), we held that a recipient of workers' compensation benefits is entitled to continue to receive such benefits up to the date of conviction regardless of whether he or she was in jail awaiting criminal trial *(see, Matter of Tallini v Martino & Son,* 58 NY2d 392, 395). For the reasons that follow, we decline the employer's invitation to extend *Bilello* by permitting it to discontinue benefits for the period of a claimant's pretrial detention that is credited against his or her sentence by operation of Penal Law § 70.30 (3).

The majority in *Bilello* pointed out that the denial of benefits to a claimant who is incarcerated awaiting trial while continuing to pay benefits to a claimant who was able to post bail presents a serious question of denial of equal protection of the laws *(Matter of Bilello v Eckert Co., supra,* at 194). The 14th Amendment's guarantee of equal protection is the right to be free from invidious discrimination in statutory classifications or other governmental activity *(see, Bernheim v Litt,* 79 F3d 318, 323). Even though a governmental activity has different effects upon wealthy and poor citizens, that does not necessarily offend the Equal Protection Clause so long as the challenged

classification does not involve a suspect class and is rationally related to a legitimate governmental purpose (*see, Kadrmas v Dickinson Pub. Schools*, 487 US 450, 457-462).

Here, the overarching fact is that prior to his conviction claimant was presumed innocent (*see, In re Winship*, 397 US 358, 363). The employer apparently recognizes that the denial of benefits to an innocent claimant raises serious constitutional issues since it argues in effect that claimant's period of pretrial detention should be viewed as part of his conviction since it was credited against his sentence. This argument is unavailing since the intent of Penal Law § 70.30 (3) is to provide convicted individuals with a credit for any presentence time served prior to conviction so that their sentences will be the same as those imposed upon individuals who were not detained; it does not transform the date of incarceration into the date of conviction (*see, Powell v Malcolm*, 44 AD2d 65, 68, *appeal dismissed* 34 NY2d 752). Therefore, we shall adhere to our holding in *Bilello* as we cannot discern any legitimate governmental purpose in denying workers' compensation benefits to individuals who are presumed innocent and are incarcerated solely because they cannot post bail, while continuing such benefits to individuals who are able to do so (*see, Howard v Scott Hous. Sys.*, 180 Ga App 690, 350 SE2d 27, *affd* 256 Ga 675, 353 SE2d 2; *Walker v City of Tampa*, 520 So 2d 66, 68 [Fla] [quoting *Bilello* with approval]).

CREW III, J. P., YESAWICH JR., SPAIN and CARPINELLO, JJ., concur.

Ordered that the decision is affirmed, without costs.