■ In the Matter of WESTCHESTER COUNTY CORRECTION OFFICERS BENEVOLENT ASSOCIATION, INC., Respondent, v COUNTY OF WESTCHESTER, Appellant. (Matter No. 1.) COUNTY OF WESTCHESTER, Appellant, v WESTCHESTER COUNTY CORRECTION OFFICERS BENEVOLENT ASSOCIATION, INC., Respondent. (Matter No. 2.) [699 NYS2d 444] —In a proceeding pursuant to CPLR 2304 to quash certain administrative subpoenas (Matter No. 1), and a related action, in effect, to enjoin the Westchester County Correction Officers Benevolent Association, Inc., from challenging the issuance of the subject administrative subpoenas (Matter No. 2), the County of Westchester appeals from (1) an order of the Supreme Court, Westchester County (Rudolph, J.), entered August 21, 1998, which granted the petition in

Matter No. 1, and (2) an order of the same court, also entered August 21, 1998, which denied its motion in Matter No. 2, in effect, for a preliminary injunction.

Ordered that the orders are affirmed, with one bill of costs.

The Supreme Court properly granted the petition of the Westchester County Correction Officers Benevolent Association, Inc. (hereinafter the respondent), in Matter No. 1 to quash the administrative subpoenas issued by the appellant, the County of Westchester, and properly denied the appellant's motion in Matter No. 2, in effect, for a preliminary injunction precluding the respondent from not complying with the subpoenas. In issuing the subpoenas, the appellant failed to comply with the procedure prescribed by Workers' Compensation Law § 300.10 (c), which is made applicable by the parties' collective bargaining agreement to the correction compensation hearings at issue. Pursuant to the statute, the appellant, as an employer, may issue a subpoena to a claimant's treating physician whose reports or records are presented at the hearing. However, the subpoena may issue only upon the nonappearance of the physician at the first adjournment for that purpose. We find that the routine issuance of subpoenas to these physicians prior to any attempt by the appellant to arrange a voluntary appearance, as had been the past practice, violates the statute and impedes the well-established remedial goals of the Workers' Compensation Law (see generally, Matter of Johannesen v New York City Dept. of Hous. Preservation & Dev., 84 NY2d 129; Matter of Tallini v Martino & Son, 58 NY2d 392).

We have not considered those portions of the appellant's appendix which were not before the Supreme Court and are, therefore, dehors the record on appeal (see, Iglesias v Inland Freightways, 209 AD2d 479). Mangano, P. J., Ritter, Goldstein and H. Miller, JJ., concur.