■ In the Matter of the Claim of STEVEN DERR, Appellant, v VIP STRUCTURES et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [741 NYS2d 925] —Carpinello, J. Appeal from a decision of the Workers' Compensation Board, filed March 20, 2001, which ruled that claimant is not entitled to workers' compensation benefits during the period of his incarceration after the conviction of a crime.

Claimant, who was previously classified with a work-related permanent total disability, was convicted of an assault charge in March 1999 and sentenced to four years in prison. The Workers' Compensation Board ruled that claimant is not entitled to workers' compensation benefits during the period of his incarceration after the conviction of a crime. On this appeal, claimant contends that he is entitled to continuing benefits because he is totally disabled and, therefore, has no earning capacity regardless of whether he is incarcerated.

Despite having a work-related disability, a claimant is not entitled to workers' compensation benefits while incarcerated after conviction of a crime (*see, Matter of Bilello v Eckert Co.*, 43 AD2d 192, *appeal dismissed* 34 NY2d 663; *Matter of Packard v Sperry & Sons*, 39 AD2d 622; *see also, Matter of Tallini v Martino & Son*, 58 NY2d 392, 395). In our view, this principle is based on public policy and, therefore, we reject claimant's attempt to distinguish the cited cases on the theory that they involved partial disabilities while he has a total disability. Suspension of claimant's benefits during the period of his incarceration after conviction of a crime neither conflicts with the goals of the Workers' Compensation Law nor works a hardship that is unwarranted in light of claimant's criminal conduct (*cf., Matter of Tallini v Martino & Son, supra* at 396).

Crew III, J.P., Peters, Spain and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.