In the Matter of Barnett R. Rogers, an Attorney, Respondent. Departmental Disciplinary Committee for the First Judicial Department, Petitioner.

First Department, June 9, 1983

APPEARANCES OF COUNSEL

*Michael A. Gentile* for petitioner.

*Irving Anolik* for respondent.

OPINION OF THE COURT

*Per Curiam.*

Respondent was admitted to practice in this department on March 12, 1956. The disciplinary proceeding was brought pursuant to section 90 of the Judiciary Law and 22 NYCRR 603.4 (d) on three charges, *inter alia,* concerning respondent's mismanagement of an escrow fund. Following a protracted hearing, the hearing panel dismissed two of the charges, namely, the first and third charge, essentially on a finding that the complaining witness and her former husband lacked credibility. The second charge was sustained, the panel recommending that respondent be censured for his inadvertent conversion of escrow funds to his own account and for his maintenance of inadequate books and records with respect to that trust account. Counsel for the respondent has interposed no opposition to the panel's report and recommendations.

On review of the record we confirm the conclusions reached by the hearing panel. The evidence reflects that respondent maintained inadequate records and as a result, permitted the balance of the trust account to drop below the amount held in trust on behalf of his clients. In allowing the account to drop below the required escrow amount, respondent converted a portion of the escrow fund, albeit inadvertently. Thus, between October, 1975 and December, 1976, it appears that respondent converted $3,000 of the escrow fund to his own account and, between December 17, 1976 and June 21, 1977, he converted an additional $1,200 to his own use. The improper level of sums in this escrow account amounted to a conversion and is not excusable by reason of the fact that there was mismanagement and not misconduct. Nevertheless, that the withdrawals were inadvertent and resulted from respondent having maintained inadequate records in the handling of the escrow fund may be properly considered in mitigation in terms of the sanction to be imposed. Under the circumstances, since there was no intentional misappropriation, we conclude that respondent should be censured (*Matter of Raines,* 38 AD2d 459; *Matter of Pinckney,* 276 App Div 700).

Accordingly, the findings of fact and conclusions of law of petitioner's hearing panel should be confirmed and respondent should be censured.

SULLIVAN, J. P., ASCH, BLOOM, MILONAS and KASSAL, JJ., concur.

Respondent censured.