■ In the Matter of SAMUEL P. FRANKEL, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, Petitioner.—The Committee on Professional Standards moves to confirm the report of the Referee sustaining five charges of professional misconduct against

respondent, an attorney admitted to practice before this court in 1959 and who maintains an office for the practice of law in the City of Schenectady.

The charges arise out of respondent's alleged neglect of three client matters, misleading a client as to the status of two matters, and his failure, on several occasions, to maintain an adequate balance in his attorney's escrow account. Although respondent appeared at the hearing before the Referee, he has not submitted papers in opposition to the Committee's motion.

We grant the Committee's motion to confirm with respect to specifications Nos. 4 and 5 of charge I of the petition alleging that respondent neglected an estate by failing to timely distribute estate funds, enforce a judgment obtained on behalf of the estate, or assign a mortgage to the distributees; specification No. 2 of charge III alleging neglect of an action upon a note; charge IV alleging that respondent misled two clients as to the status of matters he was handling for them; and specifications Nos. 1, 2, 5, 6 and 7 of charge V insofar as it alleges violations of the Code of Professional Responsibility, DR 1-102 (A) (5) and DR 9-102 (A) arising out of respondent's failure to maintain an adequate balance in his attorney's escrow account. We also sustain that portion of specification No. 3 of charge V alleging respondent's failure to properly document disbursement of certain estate funds from his escrow account. The Committee's motion to confirm the Referee's report is otherwise denied.

In deciding upon an appropriate disciplinary sanction, we have considered a number of mitigating factors. The neglect of the estate was not lengthy nor does there appear evidence of monetary harm. The neglect of the action upon the note is somewhat dated. The misleading of the two clients seems more a result of respondent's misapprehension of the facts and wishful thinking rather than an attempt to hide the true state of affairs from his clients. The escrow account violations, while serious, seem more the result of poor financial management than venal motives. Also, respondent has cooperated with the Committee investigation, and seems aware of the serious nature of his misconduct and is remorseful for it. Finally, with the exception of two letters of education issued to respondent by the Committee in 1980, his professional record is unblemished.

In view of the foregoing, we find censure to be an appropriate penalty.

Respondent censured. Mahoney, P. J., Casey, Mikoll, Yesa-wich, Jr., and Harvey, JJ., concur.