In the Matter of EDWARD V. LOUGHLIN, JR., an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, Petitioner.

The charges arise out of respondent's alleged neglect of two clients' matters, deceiving a client as to the status of a legal matter, failing to maintain records or render accounts of client funds, and conversion of client funds. Because we find the charges supported by the evidence before the Referee, we grant the Committee's motion to confirm the Referee's report.

In deciding upon an appropriate disciplinary sanction, we note that a number of factors weigh heavily against leniency in this case. First, applicant is guilty of serious misconduct. His neglect of personal injury and false arrest claims arising out of a client's motorcycle accident has resulted in those claims now being barred. His neglect of an estate matter, while minor in terms of the amounts involved, was nevertheless lengthy. The decedent died in 1977 and respondent never finally settled the estate. His failure to maintain adequate records of client funds entrusted to him appears widespread and in clear violation of the Code of Professional Responsibility, DR 9-102 (B) (3) (see also, 22 NYCRR 806.18). He has also converted funds by making payments on behalf of clients out of his escrow account when those clients did not have deposits in the account sufficient to cover the payments—thus, the funds wrongly used belonged to other clients of respondent. While such technical conversions might be viewed as more the result of incompetent law office management rather than venal motives, they constitute clear misconduct (see, Matter of Frankel, 123 AD2d 468; Matter of Rogers, 94 AD2d 121). Also, on at least one occasion, in making a payment for his personal life insurance out of an escrow account, respondent appears to have converted funds for his own benefit.

Second, respondent has made minimal attempts to defend himself against the charges, thus evincing a disregard for his fate as an attorney. While he made a brief answer to the petition and appeared at three preliminary hearings, he minimally participated at the hearing before the Referee and has not participated in the proceeding since the hearing. He has also failed to respond to the instant motion.

Third, respondent's disciplinary record is far from exemplary. In April 1981, he was issued a letter of education by the Committee. In October 1983, he was issued a letter of caution for his neglect of a legal matter and for failure to cooperate with the Committee's investigation. On June 27, 1986, respon-

dent was suspended pending his full compliance with an order of this court, dated December 9, 1985, which directed him to appear for an examination and to produce certain records and documents regarding an inquiry concerning his professional conduct. Respondent appeared at the Committee offices on January 6, 1986, but advised he intended to submit a resignation which was never received. Although he did make an incomplete response to the December 9, 1985 order on March 18, 1986, a full response has never been offered and respondent has remained suspended.

In view of the foregoing and in order to protect the public, deter similar misconduct, and preserve the reputation of the Bar, as well as maintain the public's confidence in the system of attorney discipline, we conclude that respondent should be disbarred.

Motion granted and respondent disbarred, effective immediately. Casey, J. P., Weiss, Mikoll, Yesawich, Jr., and Levine, JJ., concur.