In the Matter of ROBERT C. LABORDE (Admitted as ROBERT C. LABORDE, JR.), a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, December 11, 1989

**APPEARANCES OF COUNSEL**

*Robert H. Straus (Mark F. DeWan* of counsel), for petitioner.

**OPINION OF THE COURT**

Per Curiam.

The respondent was admitted to practice as an attorney by this court on December 18, 1957, under the name Robert C. LaBorde, Jr. By decision and order of this court dated January 24, 1989, the respondent was suspended from the practice of law for an indefinite term, pending the outcome of a disciplinary proceeding, and the Grievance Committee was autho-

rized to institute a disciplinary proceeding against the respondent.

By motion No. 420, the petitioner moves to discipline the respondent upon charges of professional misconduct. By motion No. 444, the petitioner moves for a default judgment imposing discipline upon the respondent.

On April 10, 1989, the respondent was personally served with the notice of petition and petition containing the charges of professional misconduct (motion No. 420). On May 8, 1989, the respondent was personally served with the order to show cause dated May 5, 1989, for a default judgment imposing discipline (motion No. 444). The respondent has failed to appear or answer either motion despite having been personally served.

The charges, *inter alia,* involve the respondent neglecting a legal matter entrusted to him, failing to keep his client adequately informed, knowingly making false statements to a Justice of the Supreme Court, collecting a clearly excessive fee for legal services, failing to cooperate with the legitimate investigation of the petitioner Grievance Committee, making false and misleading statements under oath, failing to reregister as an attorney with the Office of Court Administration, and willfully disobeying an order of this court requiring him to submit an affidavit indicating that he was in compliance with the rules governing the conduct of disbarred, suspended or resigned attorneys (22 NYCRR 691.10).

The charges, if established, would require the disbarment of the respondent. Since the respondent has chosen not to appear or answer in these proceedings, the charges must be deemed established. The petitioner's motion to discipline the respondent is therefore granted. Accordingly, the respondent is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law, effective immediately.

MANGANO, J. P., THOMPSON, BROWN, LAWRENCE and SPATT, JJ., concur.

Ordered that the petitioner's motions to impose discipline upon the respondent based upon his failure to appear or answer are granted; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent Robert C. LaBorde, admitted under the name Robert C. LaBorde, Jr., is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall promptly comply with this court's rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent Robert C. LaBorde is commanded to desist and refrain (1) from practicing law in any form, either as principal or agent, clerk or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.