In the Matter of DENNIS P. ELKIN, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, March 30, 1992

## APPEARANCES OF COUNSEL

*Robert H. Straus (Mark F. DeWan* of counsel), for petitioner.

*Gerald I. Steinhaus* for respondent.

## OPINION OF THE COURT

Per Curiam.

In this proceeding, the respondent is charged with six allegations of professional misconduct. The Special Referee sustained all charges. The petitioner moved to confirm the report of the Special Referee and the respondent's counsel has submitted an affirmation in opposition thereto.

Charge One alleges that the respondent neglected a legal matter entrusted to him. After being retained by Joyce Patane on or about November 7, 1980, to prosecute a personal injury matter, respondent failed to take any steps towards that end.

Charge Two alleges that the respondent failed to communicate to his client the status of her legal matter. The respondent failed to return Ms. Patane's repeated telephone calls to his office or to communicate with her in any way.

Charge Three alleges that the respondent failed to cooperate with the Departmental Disciplinary Committee of the First Department in its investigation of a complaint filed by Joyce Patane on or about May 11, 1988. The respondent failed to respond to letters from the Departmental Disciplinary Committee dated June 8, July 11, and August 11, 1988, which were sent to his Manhattan office and which directed him to submit a written answer to the Patane complaint. The respondent also failed to respond to letters of August 15, September 13, September 27, and November 4, 1988, which were sent to his law office in Queens.

On or about May 2, 1989, the respondent was served with a judicial subpoena demanding that he appear at the office of the Departmental Disciplinary Committee to be examined under oath. The respondent failed to appear in response to that subpoena or a subsequent subpoena served on or about July 11, 1989.

Charge Four alleges that the respondent failed to submit an affidavit of compliance, pursuant to 22 NYCRR 603.13 (f) subsequent to his suspension by the First Department.

Charge Five alleges that the respondent failed to cooperate with an investigation into his alleged misconduct. By letter dated April 6, 1989, the petitioner directed the respondent to reregister as an attorney with the Office of Court Administration and to provide proof of reregistration. The respondent failed to reregister as directed or to contact the petitioner in any way. By certified letter dated May 5, 1989, the petitioner

directed the respondent to submit, within 10 days, a written answer containing proof of reregistration and an explanation for his failure to reregister as well as his failure to respond to the April 6, 1989 letter. The respondent did not submit his written answer until on or about May 30, 1989.

Charge Six alleges that the respondent knowingly made false and misleading statements to the petitioner.

In his May 30, 1989 letter to the petitioner, the respondent made the deliberately false and misleading statements that he had paid his registration fees to the Office of Court Administration on or about December 9, 1988, and that he had previously submitted a written answer to the petitioner's certified letter of May 5, 1989. In fact, the respondent had not paid his registration fees until June 1989 and had submitted no written answer to the petition in relation to these allegations prior to his May 30, 1989, letter.

Despite numerous notices from the Committee and attempts to contact the respondent at various telephone numbers, the respondent failed to appear at either the pretrial conference or the hearing before the Special Referee.

Based on the evidence adduced at the hearing, we find the respondent guilty of the misconduct outlined above. The petitioner's motion to confirm the report of the Special Referee is granted.

The first two charges of the petition are sustained on the basis of the complainant's uncontroverted testimony. The evidence further establishes that the respondent failed to communicate with the Departmental Disciplinary Committee of the Appellate Division, First Judicial Department, and never complied with the terms of his suspension. Moreover, the respondent knowingly submitted false and misleading information with respect to the actual date of his reregistration with the Office of Court Administration.

Stated succinctly, inasmuch as the respondent has chosen not to appear or answer in these proceedings, the charges must be deemed established (Matter of LaBorde, 152 AD2d 400, 401).

In determining an appropriate measure of discipline, we have taken into consideration the respondent's prior suspension and his pattern of willful noncompliance with the legitimate investigations being undertaken by the petitioner as well as the Departmental Disciplinary Committee. In the order of suspension, the First Department referred to the respondent's

"shockingly obvious, deliberate and willful attempts to derail the [Departmental Disciplinary Committee's] investigation".

The respondent is guilty of serious professional misconduct. Accordingly, the respondent is disbarred forthwith.

MANGANO, P. J., THOMPSON, BRACKEN, SULLIVAN and O'BRIEN, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent Dennis P. Elkin is disbarred and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Dennis P. Elkin shall comply with this court's rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, the respondent Dennis P. Elkin is commanded to continue to desist and refrain (1) from practicing law in any form, either as principal or as agent, clerk or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.