■ In the Matter of WILLIAM R. MILLER, JR., an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, Petitioner. [596 NYS2d 563] —Per Curiam. Respondent was admitted to practice by this Court in January

1985. He maintains an office for the practice of law in Schenectady.

Petitioner, the Committee on Professional Standards, by petition dated December 31, 1992, accuses respondent of neglect of legal matters entrusted to him, failing to respond to communications from and on behalf of his clients, attempting to mislead and deceive clients as to the status of their legal matters, attempting to mislead and deceive petitioner, improperly advancing financial assistance to a client, failing to cooperate with petitioner, and failing to reimburse petitioner for its stenographic costs.

Upon respondent's failure to answer the petition, which was personally served upon him, petitioner moves for a default judgment. Respondent has failed to answer or appear in response to the motion which was also personally served upon him. His failures to answer or appear are tantamount to an admission of the charges *(Matter of Kove,* 108 AD2d 986). Notwithstanding, it has been indicated that a default judgment in a disciplinary proceeding should be granted only when the requirements for entry of a default judgment in a civil action or proceeding have been met, i.e., petitioner must file proof of service of the petition and proof by affidavit of the facts constituting the alleged misconduct *(see, Matter of Grey,* 122 AD2d 626; *Matter of Cooper,* 42 AD2d 631; *Matter of Loughrey,* 37 AD2d 187). Petitioner has filed the requisite proof. It has provided an affidavit of personal service of the petition and of the default judgment motion; letters of complaint from respondent's clients; supporting documents; a transcript of respondent's examination under oath by petitioner on September 10, 1992; petitioner's inquiry letters; the subpoena petitioner obtained; and petitioner's letters requesting payment of the stenographic bill. We grant the motion for a default judgment and find respondent guilty of the professional misconduct alleged.

Respondent has engaged in substantial misconduct. In addition to the charged misconduct respondent has evinced a disinterest in his fate as an attorney by failing to cooperate with petitioner and by failing to answer the petition or respond to the default judgment motion. Most significantly, by failing to answer the petition or respond to the instant motion, respondent has admitted to the charge of falsely denying allegations of misconduct at his examination under oath by petitioner.

Although we note respondent's otherwise unblemished disci-

plinary record, we conclude that his professional misconduct warrants disbarment *(see, e.g., Matter of Elkin,* 178 AD2d 83; *Matter of Silver v Goldner,* 15 AD2d 558, *affd* 14 NY2d 593, *cert denied* 379 US 959, *reh denied* 380 US 926, *cert denied* 390 US 1027; *Matter of Smith,* 148 App Div 291, 295).

Weiss, P. J., Mikoll, Yesawich Jr., Mercure and Harvey, JJ., concur. Ordered that, respondent, William R. Miller, Jr., who was admitted as an attorney and counselor-at-law by this Court on January 30, 1985, be and hereby is disbarred and his name is stricken from the roll of attorneys and counselors-at-law in the State of New York, effective May 15, 1993; and it is further ordered that, respondent be and hereby is commanded to desist and refrain from the practice of law in any form, either as principal or agent, or as clerk or employee of another; and he hereby is forbidden to appear as an attorney and counselor-at-law before any court, Judge, Justice, board, commission or other public authority or to give any opinion as to the law or its application, or any advice with relation thereto; and it is further ordered that respondent shall comply with the provisions of section 806.9 (22 NYCRR 806.9) of the Rules of this Court regulating the conduct of disbarred, suspended or resigned attorneys.