■ In the Matter of EDWARD M. GASPERI, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, Petitioner. [610 NYS2d 651] —Per Curiam. Respondent was admitted to practice by this Court on June 29, 1979. He is currently suspended pending his full compliance with a subpoena duces tecum issued on behalf of petitioner, the Committee on Professional Standards, and with certain additional requests by petitioner for information *(Matter of Gasperi,* 198 AD2d 759). Prior to his suspension, respondent maintained an office for the practice of law in Saratoga Springs.

Petitioner has filed a petition, dated December 29, 1993, containing seven charges of professional misconduct against respondent, and now moves for a default judgment thereon. Respondent has failed to answer the petition or appear on the motion or otherwise respond to the allegations. Petitioner has filed proof of service of the petition and the default judgment motion on respondent and proof by affidavit of the facts constituting the alleged misconduct. Under such circumstances, respondent is deemed to have admitted the charges and petitioner's motion is granted *(see, Matter of Schlesinger,* 201 AD2d 751). We note, however, that we do not find respondent guilty of charge II insofar as it alleges respondent converted $500 entrusted to him.

Respondent is guilty of very serious professional misconduct, dating from 1989 through 1993. Even though he may have had his client's authorization, he deceptively signed the client's name as an endorsement to an insurance settlement check and to a general release form. He also improperly notarized her signature on the general release form. He also converted the $8,000 due the client from the insurance settlement check for about six months until he remitted $8,000 to her from his personal bank account, the remittal occurring only after the insurance company requested respondent to pay the client. Respondent neglected to file the note and mortgage and deed in a real estate transaction from the April 24, 1992 closing until December 1992. He also failed to deposit $500 the

sellers entrusted to him in connection with the sales in an escrow account and failed to promptly remit the money to them at the closing or shortly thereafter. He did remit it to them, however, in December 1992. Respondent neglected to pursue an action for damages to the sellers' land against a town on behalf of adjoining lot owners. He later neglected to promptly prepare a contract when the owners of one lot tried to sell their lot to their tenants. Respondent failed to effectively proceed after being retained by three clients to institute bankruptcy proceedings. Respondent neglected to obtain sellers' signatures on a deed and failed to promptly record that deed or a deed evidencing a subsequent sale of the real property. He also failed to respond to numerous telephone calls from clients and failed to maintain required records for his escrow account in 1992.

Finally, respondent failed to cooperate with petitioner's investigation. He is currently suspended for failure to comply with a subpoena duces tecum and he has not responded at all to other inquiries by petitioner.

Respondent's failure to answer the petition or appear on the instant motion evinces a disregard for his fate as an attorney as does his lack of response to this Court's order suspending him pending his compliance with the subpoena.

In view of the above, we conclude that respondent should be disbarred, effective immediately, to protect the public, deter similar misconduct, and preserve the reputation of the Bar (see, e.g., Matter of Miller, 192 AD2d 869; Matter of Larson, 177 AD2d 852; Matter of Loughlin, 124 AD2d 925).

Cardona, P. J., White, Casey, Weiss and Yesawich Jr., JJ., concur. Ordered that, petitioner's motion for a default judgment is hereby granted except insofar as charge II alleges respondent converted $500 entrusted to him, which allegation is hereby dismissed; and it is further ordered that, respondent, Edward M. Gasperi, who was admitted as an attorney and counselor-at-law by this Court on June 29, 1979, be and hereby is disbarred and his name is stricken from the roll of attorneys and counselors-at-law in the State of New York, effective immediately; and it is further ordered that, respondent be and hereby is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; and he hereby is forbidden to appear as an attorney and counselor-at-law before any court, Judge, Justice, board, commission or other public au-

thority or to give to another an opinion as to the law or its application, or any advice in relation thereto; and it is further ordered that, respondent shall comply with the provisions of section 806.9 of the rules of this Court regulating the conduct of disbarred, suspended or resigned attorneys (22 NYCRR 806.9).