[618 NYS2d 112]

In the Matter of Lee H. Bostic (Admitted as Lee Harold Bostic), a Suspended Attorney, Respondent. Grievance Committee for the Second and Eleventh Judicial Districts, Petitioner.

Second Department, November 7, 1994

### APPEARANCES OF COUNSEL

*Robert H. Straus,* Brooklyn *(Richard Lombardo* of counsel), for petitioner.

### OPINION OF THE COURT

Per Curiam.

In this proceeding, the respondent was charged with three allegations of professional misconduct. The Special Referee sustained all charges based upon the respondent's failure to interpose an answer to the petition or to appear at the scheduled hearing before the Special Referee.

Charge One alleged that the respondent had failed to comply with the lawful demands of the Grievance Committee in connection with its investigation into allegations of professional misconduct. By letter dated September 29, 1993, the respondent was advised that the Grievance Committee had received a complaint alleging professional misconduct by the respondent. The respondent was directed to submit a written answer to the allegations within 10 days. The respondent failed to submit a written answer. On October 21, 1993, Grievance Committee counsel telephoned the respondent's office and left a message for him to call the petitioner. The respondent did not reply to this message. By letter dated October 27, 1993, the respondent was again directed to submit a written answer within 10 days. The respondent again failed to submit an answer. By letter dated November 22, 1993, the respondent was again directed to submit a written answer to the petition, this time within five days. The respondent failed to submit an answer. By reason of the foregoing, the respondent violated Code of Professional Responsibility DR 1-102 (A) (5) and (8) (22 NYCRR 1200.3 [a] [5], [8]).

Charge Two alleged that the respondent held himself out as an attorney and counselor-at-law in violation of an order of suspension. By order of this Court dated June 1, 1993, the respondent was suspended from the practice of law for a period of one year, commencing July 1, 1993. That order directed the respondent to desist and refrain from holding himself out in any way as an attorney and counselor-at-law. On or about August 4, 1993, the respondent sent out two letters pertaining to a real estate transaction that he had handled as attorney. The letters were written on stationery with the letterhead "Lee H. Bostic, P. C. Attorney at Law". On or about August 4, 1993, the respondent issued to a client

a check representing a refund of moneys that the respondent had been holding in escrow. The check was drawn on an account denominated "Lee H. Bostic, Special Attorney at Law". By reason of the foregoing, the respondent violated 22 NYCRR 691.10 (a) and Judiciary Law § 486.

Charge Three alleged that the respondent failed to file an affidavit of his compliance with the order suspending him from the practice of law. By order dated June 1, 1993, the respondent was suspended from the practice of law commencing July 1, 1993. Pursuant to 22 NYCRR 691.10 (f) the respondent was required to file, with the clerk of the Court, an affidavit of compliance with the Court's rules, within 10 days of the effective date of the order of suspension. The respondent failed to file the required affidavit.

Based upon the respondent's failure to submit an answer or appear before the Special Referee, the charges were properly deemed established (see, Matter of Elkin, 178 AD2d 83, 85).

The respondent is disbarred based upon his default.

SULLIVAN, J. P., BALLETTA, ROSENBLATT, MILLER and RITTER, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Lee H. Bostic, admitted under the name Lee Harold Bostic, is disbarred and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Lee H. Bostic is commanded to continue to desist and refrain (1) from practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.