[618 NYS2d 451]

In the Matter of LAWRENCE DeMAYO (Admitted as LAWRENCE F. DeMAYO), a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, November 7, 1994

**APPEARANCES OF COUNSEL**

*Robert H. Straus,* Brooklyn *(Richard Lombardo* of counsel), for petitioner.

## OPINION OF THE COURT

Per Curiam.

In this proceeding, the respondent was charged with 19 allegations of professional misconduct. The Special Referee sustained all 19 charges based upon the respondent's failure to interpose an answer to the petition or to appear at a scheduled hearing either *pro se* or by counsel.

Charge One alleged that the respondent failed to comply with the lawful demands of the petitioner in connection with its investigation into allegations of professional misconduct. By letter dated June 3, 1993, the respondent was advised that the petitioner had commenced an investigation *sua sponte* based upon a report of a dishonored escrow check. The respondent was directed to submit a written answer and required bank records relating to his escrow account within 20 days. The respondent failed to comply.

By letter dated July 19, 1993, the respondent was again directed to submit his answer and the requested bank records within 10 days. He again failed to comply. Follow-up letters dated August 23, 1993 and September 14, 1993 imparted the same directive. The respondent still failed to reply.

Charge Two alleged that the respondent failed to provide the records of his escrow account to the petitioner with respect to the facts alleged in Charge One in violation of Code of Professional Responsibility DR 9-102 (H) and (I) (22 NYCRR 1200.46 [h], [i]).

Charge Three alleged that the respondent failed to comply with the lawful demands of the petitioner in connection with its investigation into allegations of professional misconduct. By letter dated August 18, 1993, the petitioner advised the respondent that it had received a complaint from a client and directed the respondent to submit a written answer within 10 days. The respondent failed to comply.

By letter dated September 10, 1993, the respondent was again directed to submit a written answer to the petitioner within 10 days. The respondent again failed to comply.

Charge Four alleged that the respondent failed to comply with the lawful demands of the petitioner in connection with its investigation into allegations of professional misconduct. By letter dated August 18, 1993, the petitioner advised the respondent that it had received a complaint from another client and directed him to submit a written answer within 10 days. The respondent failed to comply. The directive was

repeated by letter dated September 10, 1993. The respondent again failed to reply.

Charge Five alleged that the respondent failed to comply with the lawful demands of the petitioner in connection with its investigation into allegations of professional misconduct. By letter dated August 19, 1993, the petitioner advised the respondent that it had received a complaint from yet another client and directed him to submit a written answer within 10 days. The respondent failed to comply. The directive was repeated by letter dated September 10, 1993. The respondent again failed to comply.

Charge Six alleged that the respondent failed to comply with the lawful demands of the petitioner in connection with its investigation into allegations of professional misconduct. By letter dated August 19, 1993, the petitioner advised the respondent of a complaint received from yet another client and directed him to submit a written answer within 10 days. The respondent failed to comply.

By letter dated September 10, 1993, the respondent was again directed to submit a written answer to the petitioner within 10 days. The respondent again failed to reply.

Charge Seven alleged that the respondent failed to comply with the lawful demands of the petitioner in connection with its investigation into allegations of professional misconduct. By letter dated August 26, 1993, the petitioner advised the respondent that it had received a complaint from yet another client and directed him to submit a written answer within 10 days. The respondent failed to comply.

By letter dated September 27, 1993, the respondent was again directed to submit a written answer to the petition within 10 days. The respondent again failed to comply.

Charge Eight alleged that the respondent failed to comply with the lawful demands of the petitioner in connection with its investigation into allegations of professional misconduct. By letter dated September 1, 1993, the petitioner advised the respondent of a complaint received from yet another client and directed him to submit a written answer within 10 days. The respondent failed to comply.

By letter dated September 28, 1993, the respondent was again directed to submit a written answer to the petition within 10 days. The respondent again failed to comply.

Charge Nine alleged that the respondent failed to comply with the lawful demands of the petitioner in connection with

its investigation into allegations of professional misconduct. By letter dated September 13, 1993, the petitioner advised the respondent that it had commenced a *sua sponte* investigation based upon a report of dishonored escrow checks and directed him to submit a written answer and required bank records within 20 days. The respondent failed to comply.

By letter dated October 15, 1993, the respondent was directed to submit his answer and the requested bank records within 10 days. The respondent again failed to comply.

Charge Ten alleged that the respondent failed to provide the records of his escrow account to the petitioner with respect to the facts alleged in Charge Nine in violation of Code of Professional Responsibility DR 9-102 (H) and (I) (22 NYCRR 1200.46 [h], [i]).

Charge Eleven alleged that the respondent failed to comply with the lawful demands of the petitioner in connection with its investigation into allegations of professional misconduct. By letter of September 13, 1993, the petitioner advised the respondent that it had commenced a *sua sponte* investigation based upon a report of a dishonored escrow check. The respondent was directed to submit a written answer and required bank records within 20 days. The respondent failed to produce the aforesaid written answer and bank records.

By letter of October 15, 1993, the respondent was directed to submit his answer and the requested bank records within 10 days. The respondent again failed to comply.

Charge Twelve alleged that the respondent failed to provide the records of his escrow account to the petitioner with respect to the allegations set forth in Charge Eleven in violation of Code of Professional Responsibility DR 9-102 (H) and (I) (22 NYCRR 1200.46 [h], [i]).

Charge Thirteen alleged that the respondent failed to comply with the lawful demands of the petitioner in connection with its investigation into allegations of professional misconduct. By letter of September 14, 1993, the petitioner advised the respondent that it had received a complaint from two other clients and directed him to submit a written answer within 10 days. The respondent failed to comply.

By letter dated October 6, 1993, the respondent was again directed to submit a written answer within 10 days. The respondent again failed to comply.

Charge Fourteen alleged that the respondent failed to comply with the lawful demands of the petitioner in connection

with its investigation into allegations of professional misconduct. By letter of September 29, 1993, the petitioner advised the respondent that it had received a complaint from yet another client and directed him to submit a written answer within 10 days. The respondent failed to comply.

Charge Fifteen alleged that the respondent failed to comply with the lawful demands of the petitioner in connection with its investigation into allegations of professional misconduct. By letter of September 29, 1993, the petitioner advised the respondent that it had commenced a *sua sponte* investigation based upon his failure to cooperate with the petitioner's investigation and directed him to submit an explanation for his failure to cooperate within 10 days, along with written answers to the pending complaints. The respondent failed to submit the requested answers.

Charge Sixteen alleged that the respondent failed to comply with the lawful demands of the petitioner in connection with its investigation into allegations of professional misconduct. By letter dated October 5, 1993, the petitioner advised the respondent that it had received a complaint from yet another client and directed him to submit a written answer within 10 days. The respondent failed to comply.

Charge Seventeen alleged that the respondent failed to comply with the lawful demands of the petitioner in connection with its investigation into allegations of professional misconduct. By letter dated October 5, 1993, the petitioner advised the respondent that it had received a complaint from yet another client and directed him to submit a written answer within 10 days. The respondent failed to submit a written answer.

Charge Eighteen alleged that the respondent failed to comply with the lawful demands of the petitioner in connection with its investigation into allegations of professional misconduct. By letter dated November 4, 1993, the petitioner advised the respondent that it had received a complaint from yet another client and directed him to submit a written answer to the allegations within 10 days. The respondent failed to submit a written answer.

Charge Nineteen alleged that the respondent failed to comply with the lawful demands of the petitioner in connection with its investigation into allegations of professional misconduct. By letter dated January 26, 1994, the petitioner advised

the respondent that it had received a complaint from yet another client and directed him to submit a written answer within 10 days. The respondent failed to submit a written answer.

Based upon the respondent's failure to submit an answer or to appear before the Special Referee, the charges were properly deemed established *(Matter of Elkin,* 178 AD2d 83, 85).

The respondent is disbarred based upon his default.

The respondent has recently informed the petitioner that he is currently the subject of criminal proceedings in Kings County under Indictment Number 1147/94. He has authorized the Grievance Committee to serve him with a copy of the instant opinion and order by mail to his latest address at 126 Dick Merritt Road, Windsor, New York 11365.

MANGANO, P. J., THOMPSON, SULLIVAN, BALLETTA and O'BRIEN, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Lawrence DeMayo, is disbarred and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Lawrence DeMayo is commanded to continue to desist and refrain (1) from practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that respondent be served with a copy of this opinion and order by regular and certified mail, return receipt requested, to his latest designated address at 126 Dick Merritt Road, Windsor, New York 11365.