[619 NYS2d 61]

In the Matter of PHILIP L. BONETA, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, November 14, 1994

## APPEARANCES OF COUNSEL

*Robert H. Straus,* Brooklyn *(Richard Lombardo* of counsel), for petitioner.

## OPINION OF THE COURT

Per Curiam.

In this proceeding, the respondent was charged with two allegations of professional misconduct. The Special Referee sustained both charges based upon the respondent's failure to interpose an answer to the petition or to appear at the scheduled hearing before the Special Referee.

Charge One alleged that the respondent failed to comply with the lawful demands of the petitioner in connection with its investigations into allegations of professional misconduct. By letter dated March 31, 1993, the respondent was advised that the petitioner Grievance Committee had received a complaint of professional misconduct. Although directed by the petitioner to answer within 10 days, the respondent failed to do so.

By letter dated April 20, 1993, the respondent was again directed to answer within 10 days. Again he failed to comply.

Grievance Counsel telephoned the respondent's law office and left messages for him to call the petitioner. The respondent failed to reply to any such messages. By letter dated May 21, 1993, the petitioner informed the respondent of a *sua sponte* investigation into his alleged failure to cooperate with the investigation into the complaint. The letter directed the respondent to submit a written explanation for his failure to cooperate, as well as a separate written answer to the complaint within 10 days. The respondent failed to answer.

On June 11, 1993, the petitioner telephoned the respondent's law office and left a message for him to call the petitioner. The respondent did not reply to this message.

By letter dated June 17, 1993, the respondent was directed to submit a written explanation for his failure to cooperate, and an answer to the complaint within 10 days. The respondent failed to answer.

By letter dated June 30, 1993, the respondent was advised that the petitioner received a complaint from another client, alleging professional misconduct by the respondent. The respondent was directed to submit a written answer to the allegations within 10 days. The respondent failed to answer.

By order to show cause dated July 14, 1993, the petitioner

moved for the respondent's interim suspension. At the respondent's request, his time to answer was extended to August 6, 1993. The respondent submitted an affirmation in opposition on August 12, 1993. The respondent did not serve the petitioner with the papers filed with the Court until the petitioner made a specific request therefor.

On August 25, 1993, the petitioner requested that the motion to suspend be held in abeyance pending further investigation. By letter dated August 25, 1993, the petitioner advised the respondent of its request to hold the motion to suspend in abeyance, directed the respondent to submit an answer to the *sua sponte* complaint within one week, and to complete an attorney information form, which the respondent had previously been requested to complete, directed him to appear before the petitioner at 10:00 A.M. on September 29, 1993, to testify concerning the complaints, and to produce his files pertaining to the complaints along with the attorney escrow records which he was required to maintain and produce, and requested that the respondent contact the petitioner to confirm the scheduled appearance.

Grievance Counsel telephoned the respondent's law office on August 18, September 14, September 16, September 17, September 20, September 23, September 24, September 28, and September 29, 1993, and left messages for him to call the petitioner. The respondent failed to respond to any of the petitioner's calls and failed to submit the requested written answer or attorney information form. The respondent failed to appear at the petitioner's offices on the scheduled date of September 29, 1993 and failed to produce the requested files and bank records. By reason of the foregoing, the respondent violated Code of Professional Responsibility DR 1-102 (A) (5) and (7) (now [8]) (22 NYCRR 1200.3 [a] [5], [8]).

Charge Two alleged that the respondent failed to produce the records of his escrow account in violation of Code of Professional Responsibility DR 9-102 (H) and (I) (22 NYCRR 1200.46 [h], [i]).

The respondent submitted a letter to this Court, dated May 3, 1994, in which he sought assistance with respect to "the reopening of this apparent excusable default," an adjournment of the petitioner's motion to confirm the Referee's report, and access to the entire record of this proceeding. By letter dated May 18, 1994, sent to the respondent's last known addresses in New York and Tampa, Florida, the Clerk of the

Court informed the respondent that the return date of the motion was adjourned to May 31, 1994, upon consent of Grievance Counsel. The respondent was reminded of his responsibility to obtain the papers, which Grievance Counsel had already made available to him, and to file such reply papers as he might be inclined to submit within that time. There has been no further contact with the respondent.

Based upon the respondent's failure to submit an answer or to appear before the Special Referee, the charges were properly deemed established (see, Matter of Elkin, 178 AD2d 83, 85).

The respondent is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law, based upon his default.

In view of the difficulty in serving the respondent, the Grievance Committee is ordered to mail a copy of this opinion and order via regular and certified mail, return receipt requested, to his last known addresses at 475 Third Avenue, Brooklyn, New York 11215, and 16052 Pennwood Drive, Tampa, Florida 33647, and to affix a copy of same to the door of 475 Third Avenue, Brooklyn, New York.

MANGANO, P. J., THOMPSON, SULLIVAN, BALLETTA and LAWRENCE, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Philip L. Boneta, is disbarred and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Philip L. Boneta is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that the respondent be served with a copy of this opinion and order by regular and certified mail, return receipt requested, to his latest designated addresses at 475 Third Avenue, Brooklyn, New York 11215, and 16052 Pennwood Drive, Tampa, Florida 33647 and to affix a copy of same to the door of 475 Third Avenue, Brooklyn, New York.