[638 NYS2d 141]

In the Matter of ROGER A. REGENBOGEN (Admitted as ROGER ALAN REGENBOGEN), a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, February 13, 1996

APPEARANCES OF COUNSEL

*Frank A. Finnerty, Jr.*, Syosset *(Chris G. McDonough* of counsel), for petitioner.

**OPINION OF THE COURT**

Per Curiam.

In this proceeding, the respondent was charged with two allegations of professional misconduct. The Special Referee sustained both charges based upon the respondent's failure to interpose an answer to the petition or to appear at the scheduled hearing either *pro se* or by counsel. The Grievance Committee now moves to confirm the Special Referee's report. The respondent has neither cross-moved nor submitted a response to the Grievance Committee's motion.

Charge One alleged that the respondent failed to reregister as an attorney and counselor-at-law or to pay his required biennial registration fee. Having been admitted to practice in the State of New York, the respondent is required to reregister with the Office of Court Administration and to pay a registration fee on a biennial basis pursuant to Judiciary Law § 468-a. The respondent nevertheless failed to pay or reregister as required for the registration periods of 1992 to 1993 and 1994 to 1995.

Notwithstanding four letters from the Grievance Committee reminding the respondent of his obligations and demanding his compliance with the statute, the respondent failed to reregister or pay his registration fee as of the date of the petition.

By his failure to reregister or pay his registration fee as required for two biennial periods, the respondent violated Code of Professional Responsibility DR 1-102 (A) (5) and (8) (22 NYCRR 1200.3), as well as Judiciary Law § 468-a.

Charge Two alleged that the respondent has failed to properly cooperate with the Grievance Committee in its lawful investigation of his conduct.

On April 6, 1994, the Grievance Committee received a complaint against the respondent from Mr. Michael Bonvincino. The complaint, which alleged a fee overcharge, was referred to the Suffolk County Bar Association for review. The Bar Association sent the respondent three letters requesting that he consent to arbitration. The respondent failed to respond and the matter was returned to the Grievance Committee for review.

The Grievance Committee sent the respondent a letter dated February 6, 1995, including a copy of the complaint which had originally been forwarded to the Suffolk County Bar Association Fee Disputes Committee, and requested his response

within 15 days. The respondent was reminded that failure to cooperate with the Grievance Committee would result in additional charges of misconduct. No response was received from the respondent.

The respondent failed to respond to any of the Grievance Committee's four letters demanding his response to the *sua sponte* complaint concerning his failure to reregister with the Office of Court Administration.

On April 12, 1995, the respondent was served with a judicial subpoena, issued by the Appellate Division, demanding that he appear at the Grievance Committee's offices on April 25, 1995 in connection with his failure to reregister and the Bonvincino complaint. Despite being served personally, the respondent failed to appear on the appointed date and did not otherwise contact the Grievance Committee.

By his documented failure to cooperate with the Grievance Committee's lawful demands, the respondent violated Code of Professional Responsibility DR 1-102 (A) (5) and (8).

Based upon the respondent's failure to submit an answer or to appear before the Special Referee, the charges were properly sustained *(see, Matter of Elkin,* 178 AD2d 83, 85).

The respondent is disbarred based upon his default.

MANGANO, P. J., BRACKEN, BALLETTA, ROSENBLATT and MILLER, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Roger A. Regenbogen, is disbarred and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Roger A. Regenbogen is commanded to continue to desist and refrain (1) from practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority,

(3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.