[653 NYS2d 678]

In the Matter of DANIEL NAEDER, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, February 18, 1997

APPEARANCES OF COUNSEL

*Frank A. Finnerty, Jr.,* Syosset *(Michael L. Epstein* of counsel), for petitioner.

## OPINION OF THE COURT

Per Curiam.

In this proceeding, the respondent was charged with six allegations of professional misconduct. The Special Referee sustained all six charges based upon the respondent's failure to interpose an answer to the petition or to appear at the scheduled hearing either *pro se* or by counsel. The Grievance Committee now moves to confirm the Special Referee's report.

Charge One alleged that the respondent neglected the legal matter entrusted to him by Mitchell Chiert, President of Dale Mortgage Bankers (hereinafter Dale). Dale, as servicing agent for the Federal National Mortgage Association (hereinafter Fannie Mae), retained the respondent in December 1993 to commence an eviction action. The respondent failed to respond to his client for five months, despite multiple requests for updates. In view of the respondent's failure to prosecute the eviction action, Dale was forced to retain substitute counsel on March 14, 1995.

By letter to the respondent dated March 24, 1995, Dale's new counsel reiterated the request for all documents pertaining to the eviction matter. The respondent failed to respond and has not provided the documents to Dale's new counsel. The delay in the eviction proceeding caused by the respondent's inaction resulted in a Fannie Mae penalty of $5,000 to Dale.

Charge Two alleged that the respondent failed to properly cooperate with the Grievance Committee's lawful investigation into the complaint which forms the basis of Charge One. By letter dated April 4, 1995, Grievance Counsel sent the respondent a copy of the complaint and requested a response within 15 days. No response was received.

Grievance Counsel sent the respondent a second letter, dated May 2, 1995, via certified mail, advising him that his failure to cooperate with the investigation could constitute professional misconduct independent of the merits of the complaint. Grievance Counsel demanded a response within 10 days. Again, no response was received.

Grievance Counsel sent the respondent a second certified letter, dated June 14, 1995, informing him that his failure to submit a written response by June 23 would result in a motion for his suspension. Again, no response was received.

Charge Three (Charge One of the supplemental petition) alleged that the respondent neglected a legal matter entrusted to him by Michael Axelrod, who retained the respondent to represent him on a mortgage foreclosure proceeding in Kings County. The respondent failed to return any of Mr. Axelrod's numerous telephone calls.

In March 1995 Mr. Axelrod retained Paul Jaffe to look into the situation. Although Mr. Jaffe wrote at least nine letters, the respondent failed to submit any answers.

Charge Four (Charge Two of the supplemental petition) alleged that the respondent failed to cooperate with the Grievance Committee in its investigation of the complaint filed against him which forms the basis of Charge One of the supplemental petition.

On October 13, 1995, the Grievance Committee sent the respondent a letter advising him that it had opened a complaint against him in connection with the Axelrod complaint and directing him to respond within 15 days. The respondent failed to reply.

Grievance Counsel sent the respondent a letter dated November 3, 1995, via certified mail, demanding a written response by November 20, 1995, and warning that continued noncompliance would necessitate a motion for his immediate suspension. No response was received.

Charge Five (Charge Three of the supplemental petition) alleged that the respondent neglected a legal matter entrusted to him by Bruce J. Abrahamsen in connection with his father's estate.

Charge Six (Charge Four of the supplemental petition) alleged that the respondent failed to cooperate with the Grievance Committee in its investigation of the complaint filed against him which forms the basis of Charge Five.

The respondent failed to reply to certified letters from Grievance Counsel, dated September 7 and September 29, 1995, directing him to respond to the Abrahamsen complaint. On October 17, 1995, Grievance Counsel sent the respondent a third certified letter, advising him that if his written reply were not received by November 1, 1995, a motion would be made for his immediate suspension. No response was received.

The respondent neither submitted an answer to the petitions nor requested an enlargement of time to do so.

Based upon the respondent's failure to submit an answer or to appear before the Special Referee, the charges were properly deemed established (see, Matter of Elkin, 178 AD2d 83, 85).

The respondent is disbarred based upon his default.

MANGANO, P. J., BRACKEN, ROSENBLATT, MILLER and COPERTINO, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Daniel Naeder, is disbarred and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Daniel Naeder is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.