(May 28, 1998)

■ In the Matter of SAMUEL W. ROBERTS, III, a Suspended Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [674 NYS2d 439] —Per Curiam. Respondent was admitted to practice in 1971 by the Appellate Division,

Second Department. He has maintained law offices in Montgomery and Hamilton Counties.

In February 1996, this Court suspended respondent pending his full compliance with a subpoena duces tecum obtained by petitioner, the Committee on Professional Standards (224 AD2d 801). In December 1997, because of respondent's willful violations of the suspension order and the attendant circumstances, this Court found respondent in contempt of court and fined him $1,500 (245 AD2d 951).

Petitioner now moves for a default judgment on a petition of charges dated February 3, 1998, which was personally served on respondent. He has not replied to or otherwise appeared in response to the petition or motion. Petitioner has filed proof by affidavit of the facts constituting the alleged misconduct. Under such circumstances, respondent is deemed to have admitted the charges and petitioner's motion is granted (*see, e.g., Matter of Schlesinger*, 201 AD2d 751; *Matter of Kane*, 82 AD2d 970).

We find respondent guilty of serious professional misconduct, including violations of this Court's suspension order (*see,* Code of Professional Responsibility DR 1-102 [A] [5], [8] [22 NYCRR 1200.3 (a) (5), (8)]) and conversion of client funds (*see,* Code of Professional Responsibility DR 1-102 [A] [4], [5], [8]; DR 9-102 [22 NYCRR 1200.3 (a) (4), (5), (8); 1200.46]).

In order to protect the public, deter similar misconduct, and preserve the reputation of the Bar, we conclude that respondent should be disbarred, effective immediately (*see, e.g., Matter of Gasperi*, 203 AD2d 709; *Matter of Lennon*, 196 AD2d 904; *Matter of Abbott*, 191 AD2d 899; *Matter of Loughlin*, 124 AD2d 925).

Cardona, P. J., Mercure, Crew III, Peters and Spain, JJ., concur. Ordered that petitioner's motion for a default judgment is granted; and it is further ordered that respondent is found guilty of the professional misconduct charged and specified in the petition, except insofar as charge I alleged a violation of Code of Professional Responsibility DR 1-102 (A) (4) (22 NYCRR 1200.3 [a] [4]); and it is further ordered that respondent is disbarred, and his name is removed from the roll of attorneys in the State of New York, effective immediately; and it is further ordered that respondent is commanded to desist and refrain from the practice of law in any form either as principal or as agent, clerk or employee of another; and he is forbidden to appear as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority or to give to another any opinion as to the law or its application, or any advice in relation thereto; and it is further ordered that

respondent shall comply with the provisions of section 806.9 of the rules of this Court (22 NYCRR 806.9) regulating the conduct of disbarred attorneys.