■ In the Matter of Danilo G. Macalino, an Attorney, Respondent. Committee on Professional Standards, Petitioner. [827 NYS2d 887]—

Per Curiam. Respondent was admitted to practice by this Court in 1988 and maintained a law practice in the Philippines.

Petitioner charges respondent with having engaged in dishonest conduct prejudicial to the administration of justice and conduct adversely reflecting upon his fitness as a lawyer by misappropriating client funds (*see* Code of Professional Responsibility DR 1-102 [a] [4], [5], [7] [22 NYCRR 1200.3 (a) (4), (5), (7)]; DR 9-102 [a] [22 NYCRR 1200.46 (a)]), failing to file with this Court a copy of the order of the Supreme Court of the Philippines which suspended respondent from practice for a period of one year, effective December 10, 1994 (*see* DR 1-102 [a] [5] [22 NYCRR 1200.3 (a) (5)]; 22 NYCRR 806.19 [b]), failing to cooperate with petitioner's investigation (*see* DR 1-102 [a] [5] [22 NYCRR 1200.3 (a) (5)]), and failing to file a registration statement and pay the attorney registration fee (*see* Judiciary Law § 468-a; 22 NYCRR part 118; DR 1-102 [a] [5], [7] [22 NYCRR 1200.3 (a) (5), (7)]). Respondent has failed to file an answer to these charges.

Petitioner now moves for a default judgment. Although this motion was served on respondent, he has failed to appear or answer. Petitioner has filed proof by affidavit of the facts constituting the alleged misconduct. Under the circumstances, respondent is deemed to have admitted the charges and petitioner's motion is granted (*see e.g. Matter of Roberts*, 250 AD2d 1024 [1998]).

In order to protect the public, deter similar conduct and preserve the reputation of the bar, we conclude that respondent should be disbarred, effective immediately (*see e.g. Matter of Gasperi*, 203 AD2d 709 [1994]).

Peters, J.P., Spain, Carpinello, Rose and Lahtinen, JJ., concur. Ordered that petitioner's motion for a default judgment is granted; and it is further ordered that respondent is found guilty of the professional misconduct charged and specified in the petition; and it is further ordered that respondent is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law of the State of New York, effective immediately; and it is further ordered that respondent is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of this Court's rules regulating the conduct of disbarred attorneys (*see* 22 NYCRR 806.9).