■ In the Matter of JOSEPH W. MEZEY, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [903 NYS2d 276]—

Per Curiam. Respondent was admitted to practice by this Court in 2002 and maintained an office for the practice of law in New York City.

In a petition dated December 8, 2009, petitioner charged respondent with neglecting client matters in violation of the attorney disciplinary rules (*see* Code of Professional Responsibility DR 1-102 [a] [3] [22 NYCRR 1200.3 (a) (3)]; Rules of Professional Conduct [22 NYCRR 1200.0] rule 1.3 [b]);* failing to respond to client communications (*see* Code of Professional Responsibility DR 1-102 [a] [5] [22 NYCRR 1200.3 (a) (5)]; Rules of Professional Conduct [22 NYCRR 1200.0] rule 1.4); engaging in misleading and deceiving conduct that is prejudicial to the administration of justice which adversely reflects on his fitness as an attorney by converting client funds (*see* Code of Professional Responsibility DR 1-102 [a] [4], [5], [7] [22 NYCRR 1200.3 (a) (4), (5), (7)]; Rules of Professional Conduct [22 NYCRR 1200.0] rule 8.4 [c], [d], [h]); failing to remit funds belonging to a client (*see* Code of Professional Responsibility DR 9-102 [c] [4] [22 NYCRR 1200.46 (c) (4)]; Rules of Professional Conduct [22 NYCRR 1200.0] rule 1.15); failing to cooperate with petitioner (*see* Code of Professional Responsibility DR 1-102 [a] [5], [7] [22 NYCRR 1200.3 (a) (5), (7)]; Rules of Professional Conduct [22 NYCRR 1200.0] rule 8.4 [d], [h]); and failing to file an attorney registration statement as required by Judiciary Law § 468-a (Rules of Professional Conduct [22 NYCRR 1200.0] rule 8.4 [d]).

The notice of petition and petition of charges and specifications were served upon respondent by regular and certified mail. When respondent failed to appear or respond, petitioner made a motion for a default judgment, returnable March 29, 2010. On that date, respondent faxed to petitioner a nonresponsive unverified statement. By order dated May 17, 2010, this Court found respondent in default and provided him with an opportunity to be heard in mitigation on or before June 7, 2010. Respondent has failed to provide any submission in mitigation.

Having considered the factors and circumstances presented, and in order to protect the public, deter similar misconduct and preserve the reputation of the bar, we conclude that respondent should be disbarred (*see e.g. Matter of Macalino*, 37 AD3d 951 [2007]; *Matter of Lucas*, 32 AD3d 1150 [2006]).

We also order respondent, as requested by petitioner, to make

---

* The alleged misconduct occurred prior to and after the April 1, 2009 enactment of the Rules of Professional Conduct.

monetary restitution to his clients pursuant to Judiciary Law § 90 (6-a) as follows: $5,925 to Stephen L. Talve; $14,328 to Keith Anderson; $8,970 to Roger Cottle; $6,090 to Shane DeCremer; $8,761.85 to Randall Cox; $7,600 to David Smith; $4,500 to Patricia Thompson; $6,450 to Lynne Sherman; and $5,600 to Patrice Nowiszewski and Daniel Nowiszewski (*see e.g. Matter of Kahn*, 37 AD3d 949 [2007]).

Spain, J.P., Rose, Lahtinen, Malone Jr. and Kavanagh, JJ., concur. Ordered that respondent is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law of the State of New York, effective immediately; and it is further ordered that respondent is hereby directed to make monetary restitution pursuant to Judiciary Law § 90 (6-a) as follows: $5,925 to Stephen L. Talve; $14,328 to Keith Anderson; $8,970 to Roger Cottle; $6,090 to Shane DeCremer; $8,761.85 to Randall Cox; $7,600 to David Smith; $4,500 to Patricia Thompson; $6,450 to Lynne Sherman; and $5,600 to Patrice Nowiszewski and Daniel Nowiszewski; and it is further ordered that respondent is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of this Court's rules regulating the conduct of disbarred attorneys (*see* 22 NYCRR 806.9).